LUCRETIA LICTIE v. HORACE CHAPPELL et al.

*Motion in the Cause—Petition to Make Assets—Practice.*

1. A motion in the cause is the proper remedy to attack a final judgment when, in a proceeding to sell land for assets, begun in 1881, it appeared there had been a sale, under order of the Clerk, pending an appeal to the Judge upon a question affecting the validity of the order, which order was reversed upon such appeal, and when it further appeared that in 1885 the matter was ordered to be suspended, pending the finding of material facts by a referee, and that there was an order by the Judge in 1886 affirming the order of sale, but not the confirmation thereof.

2. A motion in such case to vacate the order of sale, and to allow the defendants, the intestate's heirs at law, to pay the debts of the estate, was allowed by the Clerk, and affirmed on appeal by the Judge, and remanded to the Clerk for the purpose of notifying the purchaser to show cause why the sale should not be set aside, and after successive references was finally heard and allowed: *Held*, no error. The Judge had power, under Acts of 1887, chapter 276, to determine the whole matter in controversy.

This was a SPECIAL PROCEEDING, begun before the Clerk of the Superior Court of PENDER County, on the 17th January, 1881, by the plaintiff, as administratrix of Hinton Chappell, deceased, to sell certain lands in Pender County to raise assets to pay the debts of the estate, and finally heard before *Winston, J.*, at the March Term, 1892, of Pender Superior Court.

The plaintiff is the widow and administratrix of her deceased husband, Hinton Chappell, but since his death intermarried with her present husband, W. W. Lictie.

The defendants, Horace Chappell *et al.*, are the only heirs at law of said Hinton Chappell, and have been made parties to the action and filed their answer resisting the prayer of the petition of the administratrix to sell the land.

The case was heard by the Clerk on the 14th day of March, 1881, both plaintiff and defendants appearing, and the Clerk granted the license to the administratrix to sell the lands of the estate to make assets.

From that judgment the defendants appealed to the Superior Court. Subsequent to the time when the appeal was taken, the plaintiff sold the lands of her intestate at public auction for cash, at which said sale E. Porter became the purchaser, and a deed was made and executed to him by the administratrix.

When the sale was made does not appear of record, neither does any referee to whom the case has been referred find that fact, or what the land brought at said sale.

There is no report of sale by the administratrix on file. There was an order of the Clerk confirming the sale of the land to E. Porter in all respects, but the order has no date, neither does any referee find as a fact when it was issued, or what the land brought at said sale.

At June Term, 1881, of the Superior Court of said County, Judge Graves reverses the decision of the Clerk, but the order does not specify in what particular, and refers the case

to A. H Paddison, a referee, to find the facts and to report to the next term of Court.

Referee Paddison finds in substance—

1. That the debts of the estate did not exceed one hundred dollars.

2. That the value of decedent's personal property exceeded the amount returned by the administratrix by ten or fifteen dollars.

3. That the personal effects had not been squandered.

4. That the plaintiff Lucretia Lictie was the lawful widow of the decedent Hinton Chappell.

5 That the administratrix rendered no account as administratrix.

6. That she was, and had been, insolvent.

7. That a sale of the land of the intestate, which did not exceed in value seventy-five dollars, was necessary for the payment of the debts of the estate.

Of the one hundred dollars, as amount of debts of the estate, said referee found that fifty dollars thereof was due the plaintiff and H. R. Chappell.

To this report of referee Paddison defendants filed exceptions, excepting to the referee's finding that fifty dollars was due plaintiff, and that it was necessary to sell the lands.

At the Fall Term, 1885, of said Superior Court, Judge McKoy, then presiding, sustained defendant's exception to referee Paddison's report allowing fifty dollars to the widow, and ordered that the sale of the land be suspended till further ordered, and at the same time ordered that referee Paddison reform his report in accordance with the said order.

At March Term, 1886, Paddison being out of the State, the Court, Judge Gilmer presiding, appointed W. T. Bannerman a referee to reform Paddison's report so as to conform to Judge McKoy's rulings.

Bannerman made his report to May Term, 1886, reopening the account, and found debts due by the estate amounting to

$180.25, and finding also that a sale of the land of the decedent was necessary to pay the debts of the estate. Defendants excepted to this report.

At September Term, 1886, Judge Clark presiding, the Court overruled the exceptions, except that the allowance for certain attorney's fees was reduced from one hundred to fifty dollars, and the Porter judgment, which the Court found was not before it for adjudication, and affirmed the order of the Clerk granting license to the administratrix to sell the land to pay the debts.

The defendants, through their counsel, John T. Bland, after the case was remanded, then appeared before the Clerk and moved the Court, (1) to be allowed to pay the debts due by the estate, and that the lands be not sold; (2) that the sale made pending the appeal and the order confirming the same be set aside. The Clerk allowed this motion, and the plaintiff appealed.

At May Term, 1887, the order of the Clerk allowing defendants to pay up the debts and hold the land was affirmed, and the case was remanded to the Clerk to give notice to E. Porter, the purchaser, to show cause why the sale and conveyance made pending the appeal should not be set aside, and to find what were referee Paddison's services in the case.

On 8th August, 1887, E. Porter appeared before said Clerk after notice, and moved to dismiss the motion as to E. Porter, upon the grounds set forth in the written motion.

The Clerk declined to dismiss the motion, and adjudged that E. Porter had not shown sufficient cause why deed and sale should not be set aside, and ordered that Porter's conveyance, to-wit, a deed from the administratrix, be set aside, and also the former's order of the Clerk affirming the sale. Porter appealed to the Superior Court.

The cause had been referred to several gentlemen as referees, after Bannerman, but they failed to act.

At September Term, 1890, the cause was referred to B. R. Moore to find the facts and report his conclusions of law.

Referee Moore found, as a conclusion of law, that defendant's motion to be allowed to pay the debts of the estate, and that the lands thereof be not sold, was in apt time, and also found other facts. Plaintiff and E. Porter filed exceptions to referee's report, which were heard and overruled by Winston, Judge, at March Term, 1892, of Pender Superior Court. Plaintiff and E. Porter appealed.

The other facts appear in the opinion.

No counsel for plaintiff.
*Mr. John D. Bellamy, Jr.,* for defendant.

MacRae, J.: This case has become much confused and greatly protracted, but it seems at last to have reached its proper determination in the judgment which now comes to us upon appeal.

The contention of the purchaser is that there was a final judgment of confirmation of the sale made by the Clerk and affirmed by the judgment of his Honor Judge Clark, and that the same cannot be attacked by motion in the cause, but if there is any ground for setting aside the sale, it must be made to appear to the Court by an independent action. But the record does not bear out this contention; it appears that on the 14th March, 1881, the Clerk granted license to the administratrix to sell the lands for assets, and that defendants appealed to the Superior Court, and while this appeal was pending before the Judge, the administratrix proceeded to sell, and the Clerk made another order confirming the sale and directing title to be made to the purchaser. This order the Clerk had no right to make, as the case for the time being had passed beyond his jurisdiction. The order of his Honor Judge Graves, while not clear in its terms, was evidently a reversal of the order of the Clerk granting license to sell the land,

and referring the matter to a referee to ascertain and report the facts. To this order there was no exception, and we must take it as a waiver of the trial of issues of fact by a jury.

The next order, that made by his Honor Judge McKoy, passes upon the report of the referee; directs that the sale be suspended until further hearing, and refers the matter to the same referee. And to this order there was no exception.

The order made by his Honor Judge Gilmer at March Term, 1886, simply institutes another referee, the Clerk of the Court, instead of the former referee.

The report of the referee is filed, and exceptions thereto, and the order of his Honor Judge Clark at September Term, 1886, overrules the exceptions and affirms the order of sale, but not the order of confirmation. And no exception is made to this order.

Next follows the motion of defendants to be allowed to pay the debts owing by the estate of intestate, to vacate the order of sale, and the sale made pending the appeal. This motion was made before the Clerk and allowed, and plaintiff appealed; and, while the dates are confusing, it appears that his Honor Judge Connor, at May Term, 1887, affirmed the judgment of the Clerk, and remanded the case to him for the purpose of giving notice to the purchaser to show cause why the sale should not be set aside.

The report of the Clerk shows that notice to the purchaser was given, and that he appeared by counsel and filed his objections to setting aside the sale; and thereupon the Clerk ordered that the sale and order of confirmation be set aside, and the purchaser appealed.

At May Term, 1888, it was referred by consent, by the order of his Honor Judge Shepherd, to a referee to find the facts, and by successive orders other referees were appointed, and finally his Honor Judge Armfield, at September Term, 1890, appointed B. R. Moore, Esq., referee, who filed his

report of facts and findings of law, to which the purchaser E. Porter filed numerous exceptions.

His Honor Judge Winston, at the hearing, March Term, 1892, overruled all the exceptions, affirmed the judgment of the Clerk setting aside the sale and authorizing the defendants to pay the debts of the estate in exoneration of the lands. From this judgment the plaintiff and E. Porter appealed to this Court.

There are no specific exceptions to the final judgment, but we have examined the exceptions passed upon by his Honor, and concur with him in his conclusions.

Under the Act of 1887, ch. 276 (Clark's Code, sec. 255) the Judge now has final jurisdiction to determine the whole matter in controversy. The purchaser has had his day in Court; it is nowhere suggested that he paid any purchase-money for the land at the sale which has been set aside, or it might have been proper to order that the same be refunded. Indeed, there is no report of sale or of the price at which the land was bid off; the record, while full in some respects, is lacking in others. We have found no error.

Affirmed.