RICHARD LEDBETTER et al. v. J. H. PINNER and wife.

*Special Proceedings—Partition of Land—Appeal from Clerk, Where Heard—Notice of Hearing—Jury Trial—Waiver.*

1. Appeals from the Clerk of the Superior Court and Special Proceedings to the Judge residing or presiding in the District may be heard and judgment rendered outside of the county where the proceeding is pending, and within the District, being governed by Sections 254 and 255 of *The Code*, which provide that the clerk shall send a

LEDBETTER *v.* PINNER.

statement of the case by "mail or otherwise" to the judge, who shall fix a time "and place" for hearing.

2. Where nothing in the record indicates that a judge, who rendered a judgment on an appeal from the Clerk of the Superior Court, was requested in writing to fix a time for the hearing and to give the parties notice, as required by section 255 of *The Code*, it will be presumed that the proceeding was rightly and regularly conducted.

3. On an appeal to the judge from a judgment of the Clerk of the Superior Court in a Special Proceeding for the partition of land the judge may (since the enactment of Chapter 276, Acts of 1887) either render judgment himself or remand the proceedings to the clerk with direction to enter the proper order for the sale.

4. The controversy involved in a special proceeding for the partition of land, as to whether there shall be an actual partition or a sale for the purpose, is not an issue of fact which should be sent to a jury, but a question of fact to be decided by the clerk, or by the judge on appeal.

5. The right to a jury trial on questions of fact involved in a special proceeding for the sale of land is waived by the failure of a party to demand a jury before the clerk makes his decision.

APPEAL from *Bryan, J.*, at Chambers, for refusal to set aside a judgment in a special proceeding. The plaintiffs filed their petition for partition before the Clerk of BUN-COMBE Superior Court, making the other tenants in common defendants, averring that an actual partition would be injurious for reasons set out and praying a sale for partition. The defendants answering admit all the allegations of the complaint except on this point, and aver that actual partition is desirable, and that a sale at the present depressed state of prices would be injurious. The Clerk decreed actual partition by metes and bounds and appointed commissioners. From this judgment the plaintiffs appealed, the papers being sent to the Judge at Webster, in Jackson county, in the same district, who reversed the Clerk and directed that the property be sold for partition. The defendants moved subsequently to set aside the order as irregular, and on the refusal to vacate, appealed to this court.

*Messrs. Moore & Moore*, for plaintiffs.
*Mr. T. H. Cobb*, for defendants (appellants).

CLARK, J. (after stating the facts): The defendants insist that the judgment was irregular and should have been set aside on four grounds:

1. Because it was entered outside of the county. It has been held that, as a rule, motions in causes pending in the Superior Court cannot be heard outside of the county except by consent. *McNeill* v. *Hodges*, 99 N. C., 248; *Godwin* v. *Monds*, 101 N. C., 354; *Skinner* v. *Terry*, 107 N. C., 103. This restriction does not apply to all orders in such cases, applications for restraining orders, injunctions and receivers being expressly excepted by Statute, *The Code*, Sections 334-337 and 379, McNeill *v.* Hodges, *supra;* nor to orders in proceedings for examination of a party to the action under *The Code*, Sections 580, 581; *Fertilizer Co.* v. *Taylor*, 112 N. C., 141. Indeed, the restriction was fully considered and held, in *Parker* v. *McPhail*, 112 N. C., 502, to apply only to judgments on the merits or motions in the cause, strictly speaking, and to be not applicable to orders in arrest and bail, nor, indeed, to any other ancillary remedy. Appeals from the Clerk and special proceedings have never been subject to the restriction and are governed by *The Code*, Sections 254, 255, which provide that the Clerk shall send the statement of the case by mail or otherwise to the Judge, which contemplates that he need not be at the county seat, and that the Judge, if parties desire to be heard, shall "fix a time and place for the hearing," which would be a contradiction if the Judge were required to be at a time and place already fixed by Statute, to-wit, at the Court House of the county of the Clerk from whom the appeal came. From the very nature of the proceedings on appeal from the Clerk to the Judge, it is clear that

such appeals can be heard at Chambers and anywhere in the district.

2. The second ground is that the Judge gave the appellant's counsel no notice.   *The Code*, Section 255, provides that if the Judge "shall have been informed in writing by the attorney of either party that he desires to be heard on the questions, the Judge shall fix a time and place for such hearing and give the attorneys of both parties reasonable notice thereof." Nothing in the record indicates that such written request was made by counsel, and in its absence the presumption is in favor of the regularity of the proceedings.

3. The third ground alleged is that the Judge, on reversing the Clerk's order, should have simply remanded the proceedings to the Clerk to enter the proper order in conformity with the opinion of the Judge, and not have made the order directing the sale himself.   This was formerly so, *Tillett* v. *Aydlett*, 93 N. C., 15; but now Chapter 276, Acts 1887, vests the Judge with discretion to pursue either course.   Clark's Code, 2nd Ed., p. 198; *Lictie* v. *Chappell*, 111 N. C., 347.

4. That the pleadings raised an issue of fact and the cause should have been transferred to the docket of the Superior Court for trial at term.   The only controverted fact arising on the pleadings was as to the advisability of a sale for partition or an actual division.   This was not an issue of fact, but a question of fact for the decision of the Clerk in the first instance, subject to review by the Judge on appeal, whose conclusion is binding upon us.   If there had been an issue of fact raised as to title, or sole seisin, this would have been for the jury at term.

Besides, if there had been an issue of fact raised, the defendant waived his right to a jury trial by not insisting

upon it before the Clerk made his order.  *Railroad* v.
*Parker*, 105 N. C., 246, and cases there cited.

In refusing to set aside the judgment there was no error.

No Error.