W. A. FAISON et al. v. E. P. WILLIAMS, et al.

*Special Proceedings—Appeal from Clerk—Jurisdiction of Judge to Hear and Determine or Remand the Proceedings.*

1. Under Ch. 276, Acts of 1887, amendatory of Section 255 of *The Code*, the Judge, to whom a cause is sent by appeal or otherwise from the Clerk of a Superior Court, has full jurisdiction to hear and fully determine the cause, or to make orders therein and send it back to the Clerk to be proceeded with by him.

2. When three of four plaintiffs in a proceeding for partition moved, upon a petition filed in the cause before the Clerk, to set aside the report of the Commissioners on the ground of newly discovered testimony and to amend the complaint by inserting an allegation averring sole seizin in themselves and that the fourth party plaintiff was not entitled to any interest in the premises, and the Clerk refused the motion and sent the cause, on appeal, to the Judge; *Held,* that the Judge had power in his discretion to set aside the judgment for newly discovered testimony and to permit the amendment asked for. In such case, when the proceedings are remanded the appellant will have an opportunity to answer the amended complaint and to present issues of fact arising thereon.

MOTION in the cause heard before *Allen, J.,* at Chambers in Kinston, on appeal from a judgment of the Clerk of the Superior Court of GREENE County. His Honor granted the motion and plaintiff, Josephine Williams, appealed.

*Messrs. Swift Galloway* and *G. M. Lindsay,* for Josephine Williams (appellant).
*Messrs. Allen & Dortch, contra.*

CLARK, J.: Three of the four plaintiffs in a proceeding for partition moved, upon a petition filed in the cause before the Clerk, to set aside the report of the Commissioners on the ground of newly discovered testimony and to amend the complaint by inserting an allegation averring sole seizin in themselves, and that the fourth party plaintiff was enti-

tled to no interest in the premises. The Clerk refused leave to amend and confirmed the report, whereupon the petitioners appealed.

It is unnecessary to consider whether the Judge could reverse the action of the Clerk in refusing leave to amend, for the Act of 1887, Ch. 276 (amending section 255 of *The Code*) provides that whenever a cause is sent up to the Judge *for any ground whatever* the "Judge shall have jurisdiction" and may either fully determine the cause himself or make orders therein and send it back to be proceeded in by the Clerk. *Ledbetter* v. *Pinner*, 120 N. C., 455; *Lictie* v. *Chappell*, 111 N. C., 347; *Sudderth* v. *McCombs*, 67 N. C., 353; Clark's Code, 198 (2nd Ed.) The case having been taken to the Judge by the appeal, he was thereupon seized with full jurisdiction, and had power in his discretion to set aside the judgment for newly discovered evidence (*Vest* v. *Cooper*, 68 N. C., 131; *Carson* v. *Dellinger*, 90 N. C., 226; *Flowers* v. *Alford*, 111 N. C., 248) and to permit the amendment asked for, *Code*, Sec. 273; *Brendle* v. *Reese*, 115 N. C., 552; *Maxwell* v. *McIver*, 113 N. C., 288; *Sinclair* v. *Railroad*, 111 N. C., 507. When the case goes back the appellant will have an opportunity to answer the allegations in the amended complaint and present such issues of fact and law arising thereon as she may be advised. Had the Court below in its discretion refused the amendment it might have been difficult for the plaintiffs, other than the appellant, to have raised the issues they desire in another proceeding in the face of the possible estoppel of a judgment in this action.

No error.