## ROSEMAN v. ROSEMAN.

(December 22, 1900.)

1. *Trusts—Trustee's Refusal to Act—Will.*

 A trust created in a will, leaving certain property to a trustee to be invested for the benefit of daughter of testator and other persons, will not fail by reason of the appointed trustee failing to act.

2. *Trusts—Appointment of Trustee—Jurisdiction—Clerk of Court—Superior Court—Acts 1887, Chap. 276.*

 Where Clerk of Superior Court, for want of jurisdiction, dismisses a proceeding for the appointment of a trustee, on appeal the Judge of the Superior Court may make such appointment.

3. *Husband and Wife—Free Trader—Judgment—Parties.*

 Where a married woman is a free-trader and consents to a judgment which fixes no personal liability upon her _ue husband need not be a party to the proceeding.

4. *Husband and Wife—Parties—Guardian ad Litem—Infants.*

 Where an infant *cestui que trust* who has no general guardian, appears in a proceeding for the appointment of a trustee by guardian *ad litem*, the husband need not be a party.

5. *Service of Process—Infants—Guardian ad Litem—The Code, Sec. 217, Subd. 2—Summons.*

 Where an infant appears by guardian *ad litem*, a copy of the summons having been left with him, and served on his guardian, the fact that no copy of summons was left with his "father, mother or guardian," is immaterial. .

MONTGOMERY, J., dissenting.

CIVIL ACTION by W. E. Roseman, T. A. Foil and wife Janolia Foil, against Annie L. Roseman, Sarah L. Roseman,

Falanous S. Trexler, William Trexler, Ed. H. Trexler, Josephine B. Trexler, Mary Jane Goodman (wife of Monroe Goodman), Jessie Ingold Trexler, Bossie Columbus Trexler, Clara Emma Trexler, Dr. Alexander Trexler, Rosanna Trexler, Martha Lou Trexler, Malinda (or Mary) Trexler (or Wyatt) (sister of Tobias Kesler), A. I. V. Newsom (wife of A. H. Newsom), Dora S. Goodman (wife of Ed. Goodman), Tobias Newsom, Nannie W. Newsom, Hattie M. Newsom, Craige and Clement Newsom, Clara W. Newsom, Brantley J. Newsom and Nancy Kesler, heard by Judge *E. W. Timberlake,* at February Term, 1900, of ROWAN Superior Court. From judgment for plaintiffs, the defendants appealed.

*L. S. Overman, Kerr Craige,* and *T. C. Linn,* for the plaintiffs.
*Burwell, Walker & Cansler,* and *B. F. Long,* for the defendants.

CLARK, J. By the will of Tobias Kessler, one Woodson was appointed trustee, and certain real and personal property was devised to be held by him in trust to be kept invested, and the income paid to A. I. V. Newsome, a married woman, during her life, and at her death the principal to be paid over to her issue; and certain other property was to be held by him on similar trusts for other beneficiaries named in the will. Woodson refused to accept the trust, and this proceeding was begun before the Clerk December 1, 1897, for the appointment of a substituted trustee. The nature of the trust is not of the kind which, being based upon confidence in the personal discretion vested in the trustee, fails upon the death or refusal of the trustee. The mere absence of directions in the will as to the nature of the investment does not

make the trust a discretionary one in the sense that the courts can not appoint a new trustee. The Clerk dismissed the proceedings, on the ground of want of jurisdiction, and an appeal was taken to the Superior Court, and by consent of plaintiffs and defendants, was heard before *McIver, J.,* at May Term, 1898, of Rowan Superior Court. At that hearing the only contention besides the objection to jurisdiction was whether there should be only one trustee or two or three, and who should be appointed. The answer filed by A. I. V. Newsome consented to the appointment of a substituted trustee, but asked for a separate trustee for her interest in the property. The Judge sustained the jurisdiction, and appointed only one trustee (Coghenour) in the stead of Woodson, to discharge all the trusts declared in the will. The new trustee gave bond in the sum of $75,000. From this judgment no appeal was taken. At August Term, 1899, a further decree was made in the cause by consent expressed in the face of the judgment, said A I. V. Newsome being represented by her counsel, Theo. F. Kluttz, Esq., containing instructions to said Coghenour as to the management of his trust, allowance of commissions, and filing his annual account. At February Term, 1900, a motion was made, upon notice, to set aside the judgments at May Term, 1898, and Fall Term, 1899. This being refused, the movers appealed.

They contend, first, that the Clerk had no jurisdiction of the proceeding to appoint a new trustee, except when the original trustee had been named in a deed (Code, sec. 1276), and therefore the judgment taken in the Superior Court May, 1898, though not appealed from, and the judgment at August Term, 1899, though entered by consent, are void. The Superior Court undoubtedly had authority, under its general equity jurisdiction, to appoint a new trustee to prevent the failure of the trust, if the proceeding had begun by

writ returnable to the Superior Court, and even if no writ whatever had been served, if the parties in interest appeared generally; and that is the case, in effect, here, since no appeal was taken. Even if an appeal had been taken from such judgments, it would be an anomaly if a party sued before the Clerk, who is a part of the Superior Court, could, on appeal to the Judge, have the action dismissed, and thus require the plaintiffs to come right back into the identical court from which they have been dismissed, and in which the cause was originally brought before the. Clerk of the Court. To prevent such useless countermarching, the General Assembly, by chap. 276, Laws 1887 (incorporated in sec. 255, Clark's Code [3d Ed.]), provides: "Whenever any civil action or special proceeding begun before the Clerk of any Superior Court shall be, for any ground whatever, sent to the Superior Court before the Judge, the said Judge shall have jurisdiction," and requires the Judge to proceed to hear and determine all matters in controversy in such action, unless he shall deem it in the interest of justice to send the case back for further action before the Clerk. This section has been repeatedly sustained. *Faison v. Williams,* 121 N. C., 152; *Ledbetter v. Pinner,* 120 N. C., 456; *Lictie v. Chappell,* 111 N. C., 347. Counsel relied upon *Brittain v. Mull,* 91 N. C., 498, but it was to cure the inconveniences caused by that decision that the above amendment to Code, sec. 255, was enacted. That decision itself recognized (page 504) that the Clerk in special proceedings, as well as in other cases, was a part of the Superior Court, and that matters before the Clerk were in the Superior Court. The Judge in this case might have sustained the Clerk's judgment, but he took jurisdiction, as the statute authorized him to do.

It is also contended that the judgment is irregular because the husband of A. J. V. Newsome was not a formal party to

127——32

the action. But it appears upon its face that the judgment was by consent as to her. It is averred, and not denied, that she is a free trader, and the judgment fastens no personal liability upon her. Hence *McLeod v. Williams,* 122 N. C., 451, relied upon by defendants' counsel, is not in point, for that holds that "a personal judgment can not be rendered against a married woman, not a free trader, for her husband's debt." It is true that being a free trader affects the liability of a married woman for her contracts, and does not affect the manner of service of summons upon her. But, when she has assented to a judgment not involving a personal liability if she be a free trader, she surely can not plead that she is not bound by such judgment when she would be bound by a mere contract. *Grantham v. Kennedy,* 91 N. C., 148; *Neville v. Pope,* 95 N. C., 346; *Green v. Branton,* 16 N. C., 504.

It is further objected that the husband of Dora S. Goodman should have been made a party, but she was at the time an infant, without general guardian, and appeared by her duly appointed guardian *ad litem,* as required by Code, sec. 181, and is estopped by the judgment.

The last objection is as to service of summons upon the children of Mrs. Newsome under fourteen years of age. Summons was served by delivering a copy to each of them personally, as prescribed by Code, sec. 217(2). A guardian *ad litem* was regularly appointed. Summons was served upon him, and he filed answer. The statutory requirement has been sufficiently complied with. The objection that a copy of the summons was not also left with the "father, mother, or guardian" is a refinement, and can not invalidate the judgment when a guardian *ad litem* has been duly appointed, and has filed answer, and there is no suggestion of fraud most especially when (as in this instance) the mother

is a party to the action, has filed her answer consenting to the only relief asked, the appointment of a substituted trustee, and has filed a consent judgment.

Affirmed.

MONTGOMERY, J. (dissenting).   Tobias Kessler, of Rowan County, died, leaving a last will and testament, one clause of which reads as follows:   "Item 15.   The balance and residue of my estate of every kind I give, bequeath, and devise, to my daughter, Ingold Newsome, wife of A. H. Newsome, during her lifetime; said estate to be placed in the hands of my trustee, hereafter named and appointed, for the use and purposes as follows, to-wit, said trustee is to invest and keep invested said estate, and the interest and income accruing therefrom is to be by him paid to my said daughter, Ingold Newsome, for and during her natural life, and at her death said estate to be paid over by said trustee to her issue: *Provided, however,* that my said trustee shall not be chargeable with interest on any money or personal estate lying idle in his hands."   H. N. Woodson, the trustee appointed in the will, declined the trust.   The plaintiffs, who are also beneficiaries under another clause of the will, and whose interests were also placed under the management and control of Woodson, commenced a proceeding before the Clerk of the Superior Court of Rowan County against certain other of the beneficiaries in the will, including Mrs. Newsome and her children, to have a trustee appointed in the place of Woodson.   Mrs. Newsome was a married woman, as was also her daughter, Dora S., the wife of Ed. Goodman, and the husbands of neither have ever been made parties.   The Clerk dismissed the proceeding for want of jurisdiction.   An appeal by the plaintiffs carried the case to the Superior Court. At May Term, 1898, and August Term, 1899, of the Supe-

rior Court, by consent of all parties, orders and judgments were made and entered, by which W. C. Coghenour was appointed trustee with all the powers and authority conferred by the will on Woodson; and under these judgments Coghenour has taken possession of the property mentioned in the will. The present proceeding was instituted for the purpose of having the judgments and orders of the Superior Court made at May Term, 1898, and August Term, 1899, set aside. I think his Honor erred in not having set them aside. A Clerk of the Superior Court has no jurisdiction to appoint a trustee in place of one named in a will who refuses to accept the trust, or who has died. Clerks of the Superior Court, under sec. 1276 of The Code, are authorized and empowered to appoint trustees only in deeds of trust (which includes mortgages). And, besides, the trust was a discretionary one. Again, the Superior Court in term had no jurisdiction. The jurisdiction of the Superior Court in case of appeal from the Clerk is derivative, and, as the Clerk had no jurisdiction, the Superior Court acquired none upon the appeal. In *Helms v. Austin,* 116 N. C., 751, the Court, FAIRCLOTH, C. J., delivering the opinion, said: "We see no reason why the Court may not amend, and give any relief that the parties may be entitled to according to the facts in any case sent up by the Clerk either by transfer or appeal, provided the original subject-matter be within the jurisdiction of the Clerk." That decision was rendered, of course, long after the passage of the act (chap. 276, Laws 1887) referred to in the opinion in this case. If the opinion in this case is a correct construction of that act, then it necessarily follows that actions and proceedings of any nature—even such as slander, debt, actions for the recovery of land—can be commenced before the Clerk, and carried by appeal, when dismissed for lack of jurisdiction, to the Superior Court in term time, when juris-

ROSEMAN *v.* ROSEMAN.

diction will be taken, and the matter heard just as if the suits or actions had been properly commenced in the Superior Court. If such is the meaning of the act, it would have been plainer to have enacted a law giving to the Clerk original jurisdiction to hear and determine all civil actions and special proceedings.

The husbands of the two married women defendants were not made parties to the proceeding, and for that reason the judgment should have been set aside. But it is said that Mrs. Newsome was a free trader. There was no sufficient evidence on that point upon which his Honor could have found that fact. In fact, there was no evidence in the case that Mrs. Newsome was a free trader. Only a statement to that effect appeared in the answer of Foil and his wife. In my opinion, the only evidence competent to prove that a married woman is a free trader, is the writing itself, with its registration indorsed thereon, or a copy of such writing duly proved and registered, and certified by the register of the county in which the same is recorded.