## IN RE ANDERSON.

(Filed March 24, 1903.)

1. INSANITY—*Inquisition of Lunacy—Revised Statutes, Ch. 57—The Code, Sec. 1670, 1671.*

   Where, in an inquisition of lunacy, the jury finds the defendant to be of unsound mind and incompetent for want of understanding to manage his own affairs, but not an idiot or lunatic, the court should appoint a guardian.

2. JURISDICTION—*Superior Court—Clerks of Courts—Appeal—Acts of 1887, Ch. 276—Actions—Special Proceedings.*

   Whenever any civil action or special proceeding begun before a clerk of the superior court shall be for any ground whatever sent to the superior court, the said court shall have jurisdiction, although the proceedings originally had before the clerk were a nullity.

A SPECIAL proceeding for the appointment of a guardian of J. T. Anderson, heard by Judge *H. R. Bryan,* at September Term, 1902, of the Superior Court of PENDER County. From a judgment appointing a guardian, J. T. Anderson, through his attorneys, appealed.

*Bruce Williams* and *John D. Kerr,* for the ward appellant.

*Stevens, Beasley & Weeks,* for the guardian.

MONTGOMERY, J.   This proceeding was originally commenced before the Clerk of the Superior Court of Pender County, for the purpose of having a guardian appointed for J. T. Anderson, under the provisions of Section 1670 of The Code. The affidavits on which the proceeding was based did

not contain matter in which it was averred that Anderson
was an idiot, or an inebriate, or a lunatic, but it was affirm-
ed substantially that he was "incompetent for want of under-
standing, to manage his own affairs." A most serious mat-
ter, both to the public and to the individual person, was in-
volved in the question presented to the clerk, and he should
have seen that every requirement of the statute had been
strictly complied with. That officer however, without notice
to Anderson and without a jury of twelve men who should
inquire into the state of Anderson, as the statute plainly re-
quires, made an adjudication himself of the matter, and ap-
pointed the guardian. A motion was afterward made to
have that appointment revoked for the reasons above mention-
ed, which motion the clerk declined to allow. Upon the hear-
ing of the appeal of Anderson from the ruling of the clerk,
his Honor ordered and adjudged that "this action be and is
hereby remanded to the clerk to convene an inquisition of
idiocy or lunacy upon notice as is required by law, upon no-
tice of ten days to J. T. Anderson." Under that order a
jury of inquisition was summoned and convened, and two
issues were submitted to them, First, "Is J. T. Anderson
an idiot or lunatic, or either?" and Second, "Is J. T. Ander-
son of unsound mind, and incompetent for want of under-
standing to manage his own affairs?" The jury answered
the first issue "no" and the second issue "yes". An appeal
was taken by Anderson to the Superior Court from the order
of the clerk appointing a guardian for Anderson upon the
verdict of the jury, and at the next term of the Superior
Court the judgment of the clerk was in all respects confirm-
ed and the appeal dismissed.

As we said in the beginning of this opinion the matter in-
volved in this appeal is a most serious one. The question
is, can the custody of the body and property of one, who is
declared by a jury of inquisition to be incompetent for want

of understanding to manage his own affairs, be committed to a guardian? If such be the law, then it is plain that abuses may grow up under its practice which will be almost certain, in many cases, to produce most harmful and pernicious consequences. It may appear wise and proper under general principles to restrain drunkards and spendthrifts from wasting their property, but when in doing so we confer upon juries the power to judge of the grade, the quality of the mind, the understanding, we are in peril of subjecting to restraint persons whose free agency ought not to be restrained by law. But the legislature has the right to enact such a law, and if such a law has been enacted it is our simple duty to uphold it. Under Chapter 57 of the Revised Statutes (Acts 1784, Ch. 228) the County Courts were authorized and required to appoint guardians for any idiot or lunatic possessed of property either real or personal, upon the finding of a jury of idiocy or lunacy; and in the Revised Code the same provision of law was brought forward. In The Code, Sec. 1670, other classes of persons than idiots and lunatics are added, for whom guardians may be appointed. Those added classes are "inebriates" and those who are incompetent for want of understanding to manage their own affairs by reason of the excessive use of intoxicating drinks or other cause." The additions to The Revised Code were made originally in the Code of Civil Procedure, and brought forward in The Code. The law, The Code, Sec. 1670, now reads—"Any person in behalf of one who is deemed an idiot, inebriate or lunatic, or incompetent from want of understanding to manage his own affairs by reason of the excessive use of intoxicating drinks or other cause, may file a petition before the Clerk of the Superior Court of the County where such supposed idiot, inebriate or lunatic resides, setting forth the facts duly verified by the oath of the petitioner; whereupon such clerk shall issue an order upon notice to the sup-

posed idiot, inebriate or lunatic, to the sheriff of the county commanding him to summon a jury of twelve men to inquire into the state of such supposed idiot, inebriate or lunatic. The juries shall make return of their proceedings under their hands to the clerk who shall file and record the same; and he shall proceed to appoint a guardian of any person so found to be an idiot, inebriate or lunatic by inquisition of a jury, as in case of orphans."

The above section of The Code clearly makes four classes of persons for whom guardians may be appointed, namely, idiots, lunatics, inebriates and those who are incompetent from want of understanding to manage their own affairs by reason of the excessive use of intoxicating drinks or other cause.

An idiot or natural fool is one that has no understanding from his nativity. 1 Blk. Com., 302; Chitty on Contracts, 149.

A lunatic is one who has possessed reason, but through disease, grief or other cause has lost it. The term is especially applicable to one who has lucid intervals and may yet in contemplation of the law recover his reason. 1 Blk. Com., 304; 16 Am. & Eng. Enc., p. 562.

An inebriate is defined in Section 1671 of The Code to be "a person who habitually, whether continuously or periodically, indulges in the use of intoxicating liquors to such an extent as to stupify his mind and to render him incompetent to transact ordinary business with safety to his estate." There is a proviso that the habit of indulging in such use of strong drink shall have been, at the time of the inquisition, of at least one year's standing. .

The fourth class of persons mentioned in section 1670 of The Code must really be embraced under the head of lunatics, that is, their want of understanding in order to render them incompetent to manage their own affairs must be complete. As in lunacy there must be a total privation of under-

standing; mere weakness of mind will not be sufficient to place a person in the list of those described in the fourth class mentioned in the statute. And in this view, after the classification of persons for whom a guardian may be appointed under Section 1670 of The Code, has been made, the fourth class is no more particularly mentioned. The jury is to inquire into the state of "such idiot, inebriate or lunatic." The clerk shall appoint a guardian for any person so found to be "an idiot, inebriate or lunatic." Our attention was called on the argument to *Armstrong v. Short,* 8 N. C., 11, in which it was said: "An inquisition should therefore be regarded as a nullity, which barely found that the party was of such weakness of mind as to be incapable of managing his own affairs." But that decision was made under the Act of 1784 above referred to.

Exception is made to the verdict of the jury on account of an alleged inconsistency between the findings on the first and second issues. The jury found that Anderson was not an idiot or lunatic, but that he was of unsound mind and incompetent from want of understanding to manage his own affairs. The last finding is sufficient to meet the language and the spirit of the statute. The conflict is more apparent than real, and the confusion of issues grew out of the difficulty of interpreting the statute.

The exception to the jurisdiction of the Superior Court cannot be sustained. Although the proceedings originally had before the clerk were a nullity for the reasons already pointed out, yet when the matter got into the Superior Court by appeal, that court then acquired jurisdiction. *Roseman v. Roseman,* 127 N. C., 494; *Ledbetter v. Pinner,* 120 N. C., 455; Faison v. Williams, 121 N. C., 152.

Affirmed.