JOHN R. BATTS and wife v. W. H. PRIDGEN et al.

(Filed 18 March, 1908).

**Processioning—Clerk—Judgment—Appeal—Superior Court—Entire Case.**

When it appears that after judgment by the Clerk in proceedings for processioning an appeal has been taken, it is proper for the Judge below to permit others having an interest in the *locus in quo* to come in as parties, upon motion, as the appeal carried the entire case into the Superior Court (Revisal, sec. 614), and the registration of deeds under which they claim after the proceedings had commenced does not affect the question.

ACTION tried before *Neal, J.,* at November Term, 1907, of NASH.

This is a proceeding under the statute, commenced before the Clerk of the Court, for processioning the lands of the parties and ascertaining the true boundary lines. John L. Bailey is one of the defendants. Before the commencement of the proceeding he contracted to sell his tract of land to A. B. Robbins for $375, of which sum, it is alleged in the affidavit of the appellee, Bettie Bailey, $175 was paid in cash. The contract of sale was in writing, but was not registered until this proceeding was instituted, though A. B. Robbins took possession of the land and was in possession until after the commencement of this proceeding. The land was sold under the provisions of that contract by order of the court, and bought by John L. Bailey, who received a deed from the commissioner appointed by the court to sell the land, and then conveyed it to Bettie Bailey, wife of Robert Bailey, for $325. John L. Bailey had previously purchased the land under an order of sale in a suit to foreclose a mortgage made by John L. Mann to John L. Bailey & Co., and a deed had been executed by the commissioner to him. The contract and deeds above mentioned were not registered until after this proceeding was brought.

The defendants in this proceeding not having answered, the

Clerk, on 30 June, 1905, gave judgment for the petitioners, and the defendants appealed. The cause was docketed in the Superior Court and pended therein for two years, without any objection on the part of the petitioners, when, at November Term, 1907, Bettie Bailey and her husband, Robert Bailey, moved that they be made parties to the proceeding and allowed to file an answer to the petition, the said Bettie Bailey having acquired the interests of John L. Bailey and A. B. Robbins in the tract of land described in the pleadings. A. B. Robbins was not a party to the proceeding before the Clerk, and never has been made a party to it. The plaintiffs moved to affirm the judgment of the Clerk. The court granted the motion of Robert Bailey and wife, Bettie Bailey, and refused the motion of plaintiffs, whereupon the latter excepted and appealed.

*Jacob Battle* for plaintiffs.
*F. S. Spruill* for defendants.

WALKER, J., after stating the case: The appeal of the defendants carried the entire case into the Superior Court, under the provisions of the act of 1887, ch. 276; Revisal, sec. 614; Clark's Code (3d Ed.), sec. 255, and notes, at pp. 266 *et seq.*, and that court was then vested with full jurisdiction of it. If it appeared to the presiding Judge that Robert and Bettie Bailey, who had acquired an interest in the land described in the pleadings, should be made parties, in order that there may be a final determination of the matters in controversy upon the merits, it was within the power of the court to permit them to come in and answer the petition, and thereafter to proceed in the cause according to the statute and the course and practice of the court. The act of 1887 has been liberally construed, as it is remedial in its nature and was evidently intended to confer ample powers upon the Superior Court when it acquired jurisdiction by appeal or otherwise of a case which was originally commenced before the Clerk. The statute has been so often construed so as to suppress the former

mischief and to advance the remedy that it seems necessary
only to cite the cases in order to support the ruling of the
court below.    *Ledbetter v. Pinner,* 120 N. C., 455; *Faison v.
Williams,* 121 N. C., 152; *Lictie v. Chappell,* 111 N. C., 347;
*In re Anderson,* 132 N. C., 243; *Roseman v. Roseman,* 127
N. C., 494; *Railroad v. Stewart,* 132 N. C., 248; *Taylor v.
Gooch,* 110 N. C., 391; *Oldham v. Reiger,* 145 N. C., 254.
At the time this proceeding was brought, A. B. Robbins had
an interest, if not an estate, in the land, under the contract
with John L. Bailey.    It is alleged that he had paid nearly
half of the purchase money at that time to Bailey, and was
also in the actual possession of the land.    He was at least a
proper party to the proceeding, and the plaintiffs assert title
under him as well as under John L. Bailey.    However this
may be, the law has conferred jurisdiction upon the court in
the broadest terms to allow amendments and make new par-
ties, in order that cases may be tried upon their real merits
and that failure of justice may be prevented.    Revisal, secs.
507, 512 and 614; Clark's Code, secs. 255, 273, 274, and
notes.    We do not think the discretion of the Judge was im-
properly exercised in this case.    The delay in registering the
deeds has no bearing upon the question involved.

No Error.