JOHN F. SPENCE ET AL. v. E. B. GRANGER ET AL.

(Filed 19 September, 1934.)

1. **Drainage Districts B a—Notice and hearing are necessary to validity of levy of drainage assessments.**

   Where drainage assessments are levied against lands under C. S., 5275, either original assessments or additional assessments to cover unforeseen expenses in the construction of the drainage ditch, the parties whose lands are assessed are entitled to notice and an opportunity to be heard.

2. **Drainage Districts B d: Courts A d — Superior Court held to have obtained jurisdiction to retain cause for hearing upon appeal from clerk's order setting aside drainage assessments.**

   Additional assessments were levied against lands to cover expenses not foreseen when original assessments were levied against the lands in accordance with law, but the additional assessments were levied without notice to the owners of the lands, as required by law, and certain owners appeared before the clerk, filed exceptions to the report of the commissioners, and moved to set aside the additional assessments, and the clerk sustained their exception based upon their contention that their lands did not drain into the ditch in question. On appeal to the Superior Court, the clerk's order was reversed on the ground that the assessments were *res judicata.* On further appeal the Supreme Court reversed the judgment of the Superior Court. *Held,* the appearance of the protestants to move to set aside the additional assessments was not a waiver of notice of such assessments, but the Superior Court, upon certification of the opinion of the Supreme Court, had jurisdiction to retain the cause for hearing upon the appeal from the clerk's order sustaining protestants' exception and setting aside the additional assessments, the statute, C. S., 5287, providing that appeals from the clerk in drainage assessment proceedings should be the same as in special proceedings, and C. S., 637, giving the Superior Court jurisdiction to hear and determine all matters in controversy upon appeal from the clerk in special proceedings.

APPEAL by certain defendants, movants, from *Barnhill, J.,* at August Special Term, 1933, of PASQUOTANK. Affirmed.

The judgment or order of the court below is as follows: "This is a proceeding to establish a jury ditch under the provisions of C. S., 5275, *et seq.,* in which commissioners or jurors were appointed, the jury ditch established, and an assessment made against certain landowners and the lands of W. A. Foster, E. B. Granger, N. I. Williams, E. A. Spence, J. A. Spence, W. J. Gregory, J. F. McDonald, Sam McDonald, Sarah White, Frank Williams, S. E. Williams, Mrs. Grady Felton, Mrs. N. R. Jones, Hersey Hewitt, and Mattie Hewitt, hereinafter referred to as protestants, were included. The above named were made parties to the original proceeding and served with process in due form. Thereafter the commissioners or jurors under order of the clerk without notice to the protestants undertook to make a further or additional assessment to provide for unforeseen expenses in constructing said jury ditch. After the commissioners or jurors had filed their report making an additional assessment, and said assessment had been confirmed by the clerk, the protestants came into court and moved to set the same aside. The said judgment of confirmation was set aside, as will appear of record, and the judgment of the clerk setting aside said decree of confirmation was on appeal to the Superior Court affirmed. Thereafter the protestants filed exceptions to the report of the commissioners or jurors making additional assessments, and by consent a hearing upon said exceptions was had before the clerk.

"Upon said hearing the clerk sustained Exception No. 1 as filed by the protestants, Exceptions Nos. 2 and 3 having been abandoned by the protestants, and entered judgment relieving said protestants from said additional assessment, as will appear by order in the record in this cause. Upon appeal to the judge of the Superior Court the judgment of the clerk was set aside as a matter of law upon the finding by the judge that the original assessment was *res judicata.* The said judgment reversing the clerk was on appeal to the Supreme Court reversed, *Spence v. Granger,* 204 N. C., 247.

"This cause now comes on to be heard upon the decision of the Supreme Court, whereupon the protestants moved for judgment confirming the judgment of the clerk of the Superior Court as a matter of law, for that the judgment of the Supreme Court in effect adjudicates the matter in controversy. The motion is denied and the protestants except.

"The court holds that the matter is now pending in the Superior Court upon appeal from the judgment of the clerk of the Superior Court setting aside the assessment against the protestants as if the judgment by Judge Hill had never been entered, except that this court is bound by the ruling of the Supreme Court that the respondents are not entitled to judgment as a matter of law for that the original assessment is *res judicata.* The protestants object and except.

"The Supreme Court having held, in *Spence v. Granger,* above cited, that the general law relative to drainage districts controls in this cause as to matters of procedure, and it appearing to the court that the general drainage law provides that appeals may be had from orders of the clerk as in special proceedings, and that said law likewise provides that unless a jury trial is demanded when exceptions are filed before the clerk, the same is waived.  The court holds that this matter is now pending in the Superior Court for review of the clerk's order upon the Exception No. 1 filed by the protestants, *de novo,* and that neither the protestants nor the respondents are, as a matter of law, entitled to a jury trial.

"The parties not being ready to proceed with the hearing of the evidence upon the issues raised, this cause is retained upon the civil issue docket, and is continued to the end that the judge presiding may hereafter, in his discretion, impanel a jury for a determination of the issues of fact raised by Exception No. 1 or may have same determined by reference, or by hearing before him, as he may elect.

"It is understood and agreed that the protestants and the respondents may each file a bill of exceptions to the findings of fact and conclusions of law contained in this order and attach the same hereto as a part hereof."

To the foregoing order or judgment, the movants or protestants except and assign error and appeal to the Supreme Court.

*McMullan & McMullan and H. Clarence Dozier for appellants.*
*Thompson & Wilson for appellees.*

CLARKSON, J.  The question involved: Was the court below correct in retaining the cause on the docket to the end that a determination of the issues of fact raised by Exception No. 1 of movants or protestants may be considered?  We think so.  This cause has heretofore been before this Court.  *Spence v. Granger,* 204 N. C., 247.  One of the fundamental principles of law which has come down to us "from time whereof the memory of man runneth not to the contrary" is that every party affected by an action or proceeding is entitled to notice and an opportunity to be heard.  The original trouble in this whole matter was that there was no notice of the supplemental order assessing against each landowner an increase of 40 per cent over the former assessment. This was vital.  *Staton v. Staton,* 148 N. C., 490; *Banks v. Lane,* 170 N. C., 14.  A party to an action can waive notice in many ways, and this waiver amounts in law to a general appearance.  *Buncombe County v. Penland,* 206 N. C., 299; *Smith v. Haughton,* 206 N. C., 587.

In *Harrell v. Welstead,* 206 N. C., 817 (819-820), it is written: "Nor did the corporate defendant's appearance by motion to vacate said judg-

ment give life to that which was then a nullity. Such appearance put the corporate defendant in court, but only as a defendant with the right to answer to the merits, and not for the purpose of validating a judgment previously entered cutting off such right. *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Michigan Central R. R. v. Mix,* 278 U. S., 492; 15 R. C. L., 700."

On the former appeal to this Court the movants or protestants relied on Exception No. 1, which is as follows: "That they except to the apparent reassessment levied against them by said jurors for the reason that their lands do not drain from the Shepherd Jury Ditch; that it was so understood at the time of the original assessment, as is stated in the affidavit of J. B. Leigh, heretofore filed, which is incorporated herein and by reference made a part of this paragraph; and that the costs placed against them on the original assessment were for the costs of an intercept ditch, for which they voluntarily agreed to pay."

In the former *Spence case, supra,* page 251, we said: "We think this exception and assignment of error well taken. Although this proceeding is under the statute establishing a 'jury ditch,' yet the principle under the general drainage act is analogous and applicable."

N. C. Code, 1931 (Michie), C. S., 637, is as follows: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

In *Hall v. Artis,* 186 N. C., 105 (106), speaking ·to the subject: "Referring to the question, in *Anderson's case,* 132 N. C., 244, *Montgomery, J.,* said: 'Although the proceedings originally had before the clerk were a nullity, for the reasons already pointed out, yet when the matter got into the Superior Court by appeal, that court then acquired jurisdiction. *Roseman v. Roseman,* 127 N. C., 494; *Ledbetter v. Pinner,* 120 N. C., 455; *Faison v. Williams,* 121 N. C., 152.' See, also, C. S., 637." *In re Estate of Wright and Wright v. Ball,* 200 N. C., 620 (628). N. C. Code, 1931 (Michie), sec. 5287, under "Drainage," provides that appeal may be had from orders or judgment of the clerk, as in special proceedings.

We think the court below had the authority to make the order or judgment appealed from. The same is

Affirmed.