OLA L. McDANIEL, WADE LEGGETT, MARIE McCORMICK LEGGETT, JENNIE ROSE LEGGETT, MINOR, THROUGH AND BY HER GENERAL GUARDIAN, J. G. McDANIEL, AND J. G. McDANIEL, INDIVIDUALLY, v. JUANITA McLELLAN LEGGETT, WAYNE LEGGETT, WILBUR LEGGETT AND WIFE, LIZZIE S. LEGGETT, RALPH LEGGETT, EARLINE L. BARNES AND HUSBAND, McKINNON BARNES, RICKS LEGGETT AND WIFE, EULA McLELLAN LEGGETT, BRACEY LEGGETT, ELLA MAE L. PREVATTE AND HUSBAND, FRANKLIN PREVATTE.

(Filed 3 January, 1945.)

**1. Clerks of Superior Court § 3—**

The clerk of the Superior Court has only such jurisdiction as is given by statute and is not vested with power affirmatively to administer an equity except in those cases where it is specifically conferred by statute.

**2. Same: Courts § 2c—**

Where the clerk of the Superior Court exceeds his authority or is without jurisdiction to make the decree, if the cause comes within the general jurisdiction of the Superior Court and invokes the proper exercise of its power, by virtue of G. S., 1-276, the judge upon appeal may proceed to consider and determine the matter as if originally before him.

**3. Pleadings § 22: Judgments § 24—**

When lands of a deceased person are sold in a partition proceeding and it appears from the pleadings and evidence that it was the manifest intention of all parties that the entire lands of decedent be included in the sale, but by mistake a tract of 1.3 acres was omitted from the specific description in the petition, although announced at the sale as included, a motion in the cause by the purchaser, or his assignee, is the proper pro-

cedure to have the mistake corrected by amendment *nunc pro tunc*, and the court may make its decree conform thereto.

**4. Pleadings § 22—**

The power of the court to amend process and pleadings, both by statute and under decisions of this Court, is ample. And in the absence of showing that the rights of innocent third persons would be injuriously affected, the amendment relates back to the commencement of the action.

**5. Estoppel §§ 6d, 6g—**

A party who participated in the sale of property in which he had an interest and who stood by, while it was announced that the property being sold included a certain material element, thereby inducing another to purchase, and who accepted the benefit of the sale, may not be permitted thereafter to take an inconsistent position to the injury of the purchaser.

APPEAL by defendants from *Burney, J.,* at Chambers, 24 June, 1944. From ROBESON. Affirmed.

Motion in the cause by Zimp Leggett and wife, purchasers at partition sale, to correct and amend the record.

This was a special proceeding before the clerk to sell for partition the real property of H. J. Leggett, deceased. Plaintiffs and defendants are his heirs at law. Two tracts of land were described by metes and bounds in the petition and by amended petition the purpose was declared that all the real property of decedent should be sold. All the defendants were duly made parties and answered admitting the allegations of the petition and amended petition. Decree of sale was entered and commissioners appointed for that purpose. At the sale it was announced by one of the commissioners conducting the sale that the lands offered included the fish pond or mill pond, and that this was a material element of value in the sale, worth $1,500 or $2,000. The lands were bid off by Ricks Leggett, one of defendants, at the price of $4,550, and the bid transferred by him to the movents Zimp Leggett and wife. Deed was in due course made by the commissioners to the movents reciting, "It is the intention of this instrument to convey unto said parties of the second part all the lands owned by and in possession of H. J. Leggett at the time of his death." Distribution was made of the proceeds of sale and each of the parties accepted his or her proportionate share with knowledge that it was the purpose of the parties and the commissioners to sell all the lands of decedent.

Subsequently it was learned that a small parcel of land 1.3 acres covering a part of the fish pond or mill pond apparently was not embraced in the specific description of the lands in the petition. Defendants Ricks Leggett and Wilbur Leggett procured a quitclaim deed, without valuable consideration, and with notice of the rights of movents,

"from several of the other parties to this proceeding," and had same registered.

Thereupon the movents Zimp Leggett and wife, purchasers at the sale, moved in the cause before the clerk that the record be amended to show and declare that the mill pond was included in the lands purchased at the sale. After notice to respondents, all the parties being before the court, the clerk found the facts as above set out, and, in addition, that it was the intention of all parties and of the commissioners that all the lands of H. J. Leggett be included in the sale; that the parties understood the lands described and being sold embraced the 1.3 acres, and it was so announced by the commissioner conducting the sale, and bid off by Ricks Leggett and purchased by movents with that understanding; and that with this knowledge the proceeds of sale were received by the parties; that Ricks Leggett and Wilbur Leggett are the only respondents who resist movents' motion. These findings were made from the record and the testimony of the witnesses, including that of the appellant Ricks Leggett. There was no testimony contra.

Upon these findings it was decreed by the clerk that the petition and records of this proceeding be corrected to include the 1.3 acres by metes and bounds as a part of the lands owned by H. J. Leggett at the time of his death, and the commissioners directed to execute deed accordingly.

The defendants excepted and appealed to the judge of the Superior Court. The judge overruled defendants' exceptions, and adopted the findings and conclusions of the clerk and made them the findings and conclusions of the Superior Court. The execution of the judgment of the clerk was ordered to proceed.

Defendants excepted and appealed to this Court.

*Varser, McIntyre & Henry for plaintiffs, appellees.*
*Caswell P. Britt and F. D. Hackett for defendants, appellants.*

DEVIN, J. The defendants' appeal from the judgment below was based solely upon the ground that the judgment of the clerk of the Superior Court was void for want of authority, and that its affirmance by the judge could not give it life. It was contended that the motion of the appellees was to correct the record so as to include 1.3 acres of land omitted from the petition and orders by mistake, and that the findings of fact made out a case which required the aid of an equity which the clerk was without power to administer.

It is true the clerk has only such jurisdiction as is given by statute, *Moore v. Moore, ante,* 552; *Beaufort County v. Bishop,* 216 N. C., 211, 4 S. E. (2d), 525; *McCauley v. McCauley,* 122 N. C., 288, 30 S. E., 344, and that he is not vested with power affirmatively to administer an

equity except in those cases where it is specially conferred by statute, *Cheshire v. Church,* 221 N. C., 205, 19 S. E. (2d), 855; *High v. Pearce,* 220 N. C., 266, 17 S. E. (2d), 108, but that does not mean the judgment of the Superior Court in this case is necessarily void. It is expressly provided by statute (G. S., 1-276) that "whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction." Even in those cases where the clerk is without jurisdiction to make the decree, if the cause comes within the general jurisdiction of the Superior Court and invokes the proper exercise of its power, by virtue of this statute the judge upon appeal may proceed to consider and determine the matter. This statute since its enactment in 1887 has been upheld and applied by this Court in numerous cases: *Lictie v. Chappell,* 111 N. C., 347, 16 S. E., 171; *Elliott v. Tyson,* 117 N. C., 114, 23 S. E., 102; *Ledbetter v. Pinner,* 120 N. C., 455, 27 S. E., 123; *Faison v. Williams,* 121 N. C., 152, 28 S. E., 188; *Roseman v. Roseman,* 127 N. C., 494, 37 S. E., 518; *Oldham v. Rieger,* 145 N. C., 254, 58 S. E., 1091; *Wooten v. Cunningham,* 171 N. C., 123, 88 S. E., 1; *Perry v. Perry,* 179 N. C., 445, 102 S. E., 772; *Hall v. Artis,* 186 N. C., 105, 118 S. E., 901; *In re Estate of Wright,* 200 N. C., 620, 158 S. E., 192; *Spence v. Granger,* 207 N. C., 19, 175 S. E., 824; *Bynum v. Bank,* 219 N. C., 109, 12 S. E. (2d), 898; *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30; *Perry v. Bassenger,* 219 N. C., 838, 15 S. E. (2d), 865; *Cheshire v. Church,* 221 N. C., 205 (208), 19 S. E. (2d), 855; *Wilson, Ex Parte,* 222 N. C., 99, 22 S. E. (2d), 262.

Where the clerk exceeds his authority, *Hodges v. Lipscomb,* 133 N. C., 199, 45 S. E., 556, or has no jurisdiction, *Roseman v. Roseman, supra; Williams v. Dunn,* 158 N. C., 399, 74 S. E., 99, and the cause for any ground is sent to the judge, the judge may retain jurisdiction and dispose of the cause as if originally before him. *Perry v. Bassenger, supra. Stafford v. Harris,* 72 N. C., 198, decided prior to the Act of 1887, and upon somewhat different facts, is not in point.

In the case at bar the matter was properly presented by a motion in the cause by the purchaser at the partition sale. *Wilson, Ex Parte, supra.* The facts were not controverted. Manifestly it was the intention of all the parties that all the lands of decedent be included in the sale. By mistake a tract of 1.3 acres covering a part of the mill pond was omitted from the specific description in the petition. However, it was announced at the sale that this was included in the lands being sold, and upon that statement the purchase was made by the appellant Ricks Leggett, and with that knowledge the bid was transferred and deed made to the movents and consideration paid. With that knowledge proceeds of the sale were received by all the parties, including the appellants.

While the defendants excepted generally to the clerk's findings of fact, no objection to any specific finding was noted. This was insufficient. *Sturtevant v. Cotton Mills,* 171 N. C., 119, 87 S. E., 992; *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175; *Wilson v. Robinson, post,* 851; 3 Am. Jur., 129. No evidence *contra* was offered or suggested. The only exception to the action of the Superior Court judge was to the signing of the judgment. All the parties were before the court. There were no issues of fact. No rights of purchasers for value or without notice had arisen. The appellants in their brief raise only the question of the power of the clerk to grant the relief prayed for in the motion. Upon these facts the Superior Court in the exercise of general jurisdiction had power to permit the amendment of the petition *nunc pro tunc* to conform to the intention of all the parties, plaintiffs and defendants.

The power of the court to permit amendment is expressly conferred by G. S., 1-163: "The judge or court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process. or proceeding, by adding or striking out the name of any party; by correcting a mistake in the name of a party, or a mistake in other respect; by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved." *Hicks v. Nivens,* 210 N. C., 44, 185 S. E., 469; *Bailey v. Roberts,* 208 N. C., 532, 181 S. E., 754; *Mann v. Hall,* 163 N. C., 50, 79 S. E., 437; *Robeson v. Hodges,* 105 N. C., 49, 11 S. E., 263; *Pearce v. Mason,* 78 N. C., 37; *Garrett v. Trotter,* 65 N. C., 430. "The power of the court to amend process and pleading, both by statute and under the decisions of this Court, is ample." *Rushing v. Ashcraft,* 211 N. C., 627, 191 S. E., 332. The statute allows "amendments on a scale so liberal that it may well be said 'anything may be amended at any time.'" *Pearson, C. J.,* in *Garrett v. Trotter, supra.*

In the absence of showing that the rights of innocent third persons would be injuriously affected, the amendment relates back to the commencement of the action. *Lee v. Hoff,* 221 N. C., 233, 19 S. E. (2d), 858; *Lefler v. Lane,* 170 N. C., 181, 86 S. E., 1022.

Upon another ground we think the judgment below should be upheld. The appellant, who purchased the land at the sale under the commissioner's announcement that it included 1.3 acres and transferred his bid to the movents with that understanding, was equitably estopped to challenge the ruling of the court, as was also the other appellant who likewise was a party to the sale and a recipient of its benefits. A party who participated in the sale of property in which he had an interest and who stood by while it was announced that the property being sold included a certain material element, thereby inducing another to purchase, and who

accepted the benefit of the sale, may not be permitted thereafter to take an inconsistent position to the injury of the purchaser, or be heard to resist the motion to amend. 19 Am. Jur., 640, et seq.; *Textile Corp. v. Hood,* 206 N. C., 782 (790), 175 S. E., 151; *Bank v. Winder,* 198 N. C., 18, 150 S. E., 489; *Trust Co. v. Wyatt,* 191 N. C., 133, 131 S. E., 311; *Watford v. Pierce,* 188 N. C., 430, 124 S. E., 838; *Auto Co. v. Rudd,* 176 N. C., 497, 97 S. E., 477; *Holloman v. R. R.,* 172 N. C., 372, 90 S. E., 292; *Allison v. Kenion,* 163 N. C., 582 (587), 79 S. E., 1110; *Barker v. R. R.,* 125 N. C., 596, 34 S. E., 701; *Shattuck v. Cauley,* 119 N. C., 292, 25 S. E., 872; *Gill v. Denton,* 71 N. C., 341; *Saunderson v. Ballance,* 55 N. C., 322; *Saylor v. Coal Corp.,* 205 Ky., 724, 50 A. L. R., 666, annotations 688, *et seq.* This principle rests upon the necessity of compelling the observance of good faith. *Thomas v. Conyers,* 198 N. C., 229, 151 S. E., 270. "Its compulsion is one of fair play." *McNeely v. Walters,* 211 N. C., 112, 189 S. E., 114.

With the petition in this proceeding amended so as to supply an omission, in accordance with the manifest intention of all parties, there was no question that the court had the inherent power to amend its decree to conform thereto. *Cheshire v. Church,* 222 N. C., 280, 22 S. E. (2d), 566; *Ragan v. Ragan,* 212 N. C., 753, 194 S. E., 458; *Beam v. Bridgers,* 111 N. C., 269, 16 S. E., 391; *Brooks v. Stephens,* 100 N. C., 297, 6 S. E., 81; *Cook v. Moore,* 100 N. C., 294, 6 S. E., 795; *Maxwell v. Blair,* 95 N. C., 317; *Strickland v. Strickland,* 95 N. C., 471.

The result below seems to have been in accord with well considered principles of equity and justice, and will not be disturbed.

Affirmed.