IN RE APPOINTMENT·OF GUARDIAN FOR MELISSA DENNY.

(Filed 7 April, 1909.)

**Guardian and Ward—Incompetency—Appointment of Guardian.**

A finding of the jury that a person, the subject of an inquisition of lunacy, is incompetent from want of understanding to manage his own affairs is such as to require the clerk to appoint a guardian for him, under the Revisal, sec. 1890, whatever the cause may be.

APPEAL from *Jones, J.,* at November Term, 1908, of PERSON.

This was an inquisition of lunacy. The jury returned the following verdict:

1. "Is Melissa Denny incompetent, from want of understanding, to manage her own affairs?" Answer: "Yes."

2. "Is Melissa Denny totally deprived of her reason?" Answer: "No."

Upon this return the clerk of the Superior Court refused to appoint a guardian and dismissed the petition. Petitioner appealed to the Superior Court. At November Term, 1908, his Honor, *Judge E. B. Jones,* overruled the clerk and directed the appointment of a guardian. Exception and appeal.

*Aycock & Winston, Bryant & Brogden* and *L. M. Carlton* for appellant.

*W. T. Bradsher* and *N. Lunsford* for appellee.

CLARK, C. J. This proceeding is brought under the Revisal, sec. 1890, which was The Code, sec. 1670. This section clearly makes four classes of persons for whom a guardian may be appointed, namely, (1) idiots, (2) lunatics, (3) inebriates, and (4) those who are incompetent, from want of understanding, to manage their own affairs, by reason of the excessive use of intoxicating drinks or other cause. The verdict of the jury settles the fact that Melissa Denny belongs to the fourth class, and is a sufficient finding. *In re Anderson,* 132 N. C., 243; *Sims v. Sims,* 121 N. C., 298. *Armstrong v. Short,* 8 N. C., 11, was decided under chapter 228, Laws 1784, when such inquisition

was limited to the first three classes, (1) idiots, (2) lunatics, (3) inebriates. The fourth class was added by The Code, sec. 1670.

The same point now presented came up in *In re Anderson,* 132 N. C., 243, where it was held that a finding that Anderson was "not an idiot or lunatic, but that he was of unsound mind and incompetent, from want of understanding, to manage his own affairs," was "sufficient to meet the language and the spirit of the statute." The finding herein is in the exact language of the statute. The cause of such want of understanding would often be impossible to assign, and the jury is not required to find it. It is the fact of a want of understanding sufficient to manage her own affairs which requires the court to appoint a guardian, whatever the cause. The appointment of a guardian is not restricted to cases where the want of sufficient understanding is due to the excessive use of intoxicating drinks, but extends to cases where it is due to "other cause."

It is said in *In re Anderson, supra,* that the provision creating the fourth class may be subject to abuse, but that the sole function of the court is to construe and apply the law. The same case upholds the jurisdiction upon the same procedure.

Revisal, sec. 1890, is somewhat stronger than The Code, sec. 1670 (under which *In re Anderson, supra,* was decided), in that it adds the words "incompetent person," so that the concluding paragraph of the Revisal, sec. 1890, reads, "and he (the clerk) shall proceed to appoint a guardian of any person so found to be an idiot, inebriate, lunatic or incompetent person."

No Error.