G. HUDSON MAKUEN v. F. H. ELDER.

(Filed 22 December, 1915.)

**1. Contracts—Vendor and Purchaser—Agreement of Purchase.**

Where the seller of certificates of stock in a corporation agrees with the purchaser that if at the end of a year the latter was not satisfied therewith the former would return a deed he held as security for the purchase price and release the latter from all obligations in the transaction, agreeing to return the purchase price; and it appears that the purchaser was satisfied with his purchase for more than a year, and then brings his action: *Held*, the plaintiff cannot recover under the intent and meaning of the contract as gathered from its terms.

**2. Courts—Law and Equity—Equitable Principles—Contracts—Time as of the Essence.**

Our Constitution, Art. IV, sec. 1, providing that legal and equitable remedies be administered in the same court, does not abolish the recognized distinctions in the principles applicable to each; and an action to force the provisions of a contract, being one at law, the equity that time is not the essence of the contract has no application.

**3. Contracts—Stipulations—Cessation of Liability—Waiver.**

Where by the valid terms of a contract the liability of a party thereunder has ceased, he will not thereafter be held to waive it by not asserting it, there being no right existent in him requiring it.

APPEAL by plaintiff from *Webb, J.*, at April Term, 1915, of BUNCOMBE.

This is an action to recover money alleged to be due under a written contract entered into by the plaintiff and the defendant on 16 December, 1908, contemporaneously with the sale of certain stock by the defendant to the plaintiff, the material parts of which are as follows:

"It is hereby agreed between Dr. G. Hudson Makuen and Dr. F. H. Elder that Dr. Makuen is to hold the fully executed deed (with the name in blank) for 217 acres of land in Yancey County, North Carolina, as described in the deed, as security for his investment of $2,000 in the capital stock of The McClellan Mountain Mining and Tunnel Company at 25 cents per share. If at the expiration of one year, or earlier, from date, Dr. Makuen is satisfied that his stock is of the value of his investment, this deed is to be returned to Dr. F. H. Elder, with full release of all obligation to Dr. Makuen in the transaction. If Dr. Makuen is not satisfied that his stock is of the value of his investment, at the expiration of one year from date, Dr. Elder agrees to return to him the $2,000, or, in lieu of the case, will authorize Dr. Makuen to have his name inserted in the blank space for name in the deed and have recorded as his own property. In which event Dr. Makuen agrees to surrender to Dr. Elder the 8,000 shares of the McClellan Mountain Mining and Tunnel Company, and give a quit-claim and full release of all obligation to Dr. Elder."

The plaintiff thereafter bought other stock of the McClellan Mountain Mining and Tunnel Company, his last purchase being in 1910, and he attended and participated in stockholders' meetings of the company in 1910.

The plaintiff made no demand upon the defendant for the payment of money under the contract until the fall of 1910 or the spring of 1911, and he testified as a witness that he was entirely satisfied with his investment, and did not become dissatisfied until 1910.

In 1911 he sent a note to the defendant which he requested him to sign, which the defendant refused to do, but in the letter declining to sign the note the defendant wrote substantially asking him not to sue and indicating that he felt under some obligation to repay the price of the stock.

The plaintiff does not rely upon this letter as a promise to pay, nor does he declare upon it in his complaint.

At the conclusion of the evidence his Honor entered judgment of nonsuit, upon the ground that as the plaintiff had made no demand upon the defendant at the expiration of the year from the time of entering into the contract, the liability of the defendant then ceased.

The plaintiff excepted and appealed, contending (1) that the time named in the contract was not of the essence of the contract; (2) that if time was of the essence of the contract, that the defendant had waived this stipulation.

*Herrick & Barnard* for plaintiff.
*Harrison, Adams & Adams* for defendant.

ALLEN, J. "It is the accepted rule of construction in this and other written contracts that the intent of the parties as embodied in the entire instrument should prevail, and that each and every part shall be given effect if it can be done by fair and reasonable intendment, and that in ascertaining this intent resort should be had, primarily, to the language they have employed; and where this language expresses plainly, clearly, and distinctly the meaning of the parties, it must be given effect by the courts, and other means of interpretation are not permissible." *Gilbert v. Shingle Co.*, 167 N. C., 286.

Applying this rule to the contract, and giving effect to all its parts, the defendant agreed on 16 December, 1908, if he was satisfied with the purchase of the stock at the expiration of one year he would return the deed he held and would release the defendant from all obligations in the transaction, and the defendant agreed to return the purchase price of the stock if the plaintiff was dissatisfied at the expiration of one year.

This is the agreement of the parties, and as there is no allegation of fraud or mistake, we must give effect to it.

The plaintiff testified that he was satisfied with his entire investment, that he bought other stock, some as late as 1910, after he had attended stockholders' meetings and had full opportunity to learn of the condition of the company, and he says: "I was not dissatisfied until after 1910," more than one year after the making of the contract, and that he made no demand upon the defendant until the fall of 1910 or the spring of 1911.

It is then clear that the plaintiff cannot recover on the contract as it is written, because by its terms the liability of the defendant ceased on 16 December, 1909, as the plaintiff was then satisfied with his investment and did not become dissatisfied until 1910.

If we were to hold otherwise we would be making a contract for the plaintiff and defendant instead of construing and giving effect to the one they have made.

The plaintiff, however, contends that the time fixed in the contract is not material, and invokes the equitable maxim that time is not of the essence of the contract.

This rule usually obtains in courts of equity, but this is an action at law, and while the distinctions between actions at law and suits in equity, and the forms of all such actions, have been abolished (Constitution, Art. IV, sec. 1), "This provision does not imply that the distinctions between law and equity are abolished, or that the principles and doctrines of law and equity are so blended as to constitute one embodiment of legal science, without the differences that have heretofore existed between them and been recognized by courts of judicature in their application. Principles of law, principles and doctrines of equity, remain the same they have ever been. The change wrought is in the method of administering them, and in some degree the extent of the application of them." *Lumber Co. v. Wallace,* 93 N. C., 25.

"At law, time is of the essence of the contract. When any time is fixed for the completion of it, the contract must be completed on the day specified, or an action will lie for the breach of it. The rule is applicable where one party agrees to pay money to the other in consideration of the doing of an act by such other within a specified time. In such a case the promise to pay cannot generally be enforced unless the act is performed within the time." 6 Ruling Case Law, 898.

"Parties have the right to make their contracts as stringent as they please, and to make time of the very essence of the contract; and if one party, without the consent of the other, allows the specified time to pass, no matter from what cause, without performing the condition, the stipulated consequences must follow." 9 Cyc., 697.

This principle making time a material stipulation in a contract is peculiarly applicable and important in sales of stock, which fluctuate in value, and if an agreement to purchase should be extended beyond

the time fixed by the parties, obligations and terms might be imposed by the courts which the parties would not have assumed when making the contract.

If this is the proper construction of the contract and of its legal effect there can be no waiver, because the liability of the defendant ceased on 16 December, 1909, and thereafter there was no right existent in him which he would have to assert to relieve himself from the obligations of the contract, and consequently there was nothing to waive.

"The term 'waiver' implies the abandonment of some right that can be exercised, or of the renouncement of some benefit or advantage which, but for such waiver, the party relinquishing would have enjoyed. In order to constitute a valid waiver, the right or privilege waived must be in existence. There can be no waiver of a nonexistent, or lost, right." 40 Cyc., 258.

The judgment of nonsuit must be
Affirmed.