S. R. MORRISON v. JOEL WALKER.

(Filed 19 May, 1920.)

**1. Pleadings—Contracts—Breach—Evidence—Admissions.**

The plaintiff brought action to recover certain lumber which he had cut on defendant's lands under contract, that he was to pay a certain price per thousand feet before removing it, alleging that he had paid therefor in two different lots, which the defendant generally denied, but further alleged specifically that the plaintiff had paid him for a certain number of feet, which appeared to be the sum total of the two lots of the plaintiff's allegation: *Held*, an admission of the pleadings that precludes the defense that the plaintiff had not paid for the lumber under the terms of the contract, and therefore was not entitled to recover it.

**2. Pleadings — Contracts— Specific Performance— Actions— Defenses— Payment—Immaterial Matter.**

The plaintiff brought action to recover certain lumber that he alleged he was entitled to under a contract of purchase with the defendant requiring that he pay the defendant a certain price per thousand feet for it when he had cut it, before he removed it from the defendant's land; and the defendant alleged that the plaintiff had breached his contract in only cutting the most accessible timber, and not all of the timber on the lands, as the contract required: *Held*, it was not open for the defendant to show, under the pleadings, and without allegation, that the plaintiff had breached his contract by not having paid an insignificant part of the purchase price before attempting to remove the lumber from the defendant's land, of which both parties were then unaware, and which was not definitely ascertained until after the verdict.

**3. Evidence— Values— Damages—Disqualification—Appeal and Error— Objections and Exceptions.**

Where exception is made on the trial to the admission of testimony of the value of certain lumber, involved in the issue of damages, and the only witness testifying afterwards, states that there were different kinds of lumber with different values; that he had not seen the lumber, and did not know the quality of each kind, but knew its value in comparison with that of other lumber he had sold from the land: *Held*, the exception should have been sustained in the first instance, or the evidence stricken out when the witness's disqualification was shown.

APPEAL by defendant from *Harding, J.,* at the October Term, 1919, of BURKE.

This is an action to recover certain lumber cut by the plaintiff on the land of the defendant, under contract, and which defendant refused to allow the plaintiff to remove.

The jury returned the following verdict:

"1. Is the plaintiff the owner and entitled to the possession of the lumber described in the complaint, as alleged? Answer: 'Yes.'

"2. Does the defendant wrongfully withhold the possession of the lumber described in the complaint from the plaintiff? Answer: 'Yes, as to the 60,000 feet; no, as to 4,335 feet.'

"3. What was the value of the lumber taken by the defendant under his replevy bond in the claim and delivery proceedings on the date that it was taken? Answer: '$579.91.'

"4. What damage, if any, has plaintiff sustained by reason of the defendant wrongfully and unlawfully withholding the possession of the same from the plaintiff? Answer: '6 per cent interest.'

"5. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: '$579.91, with interest on $540 at 6 per cent per annum from the first day of this term.'

"6. What damage, if any, is the defendant entitled to recover of the plaintiff on his counterclaim? Answer: '$25.' "

Judgment was entered in favor of the plaintiff, from which defendant appealed.

The exceptions relied on are stated in the opinion.

*Avery & Hairfield, A. A. Whitener, and R. L. Huffman for plaintiff.*
*Avery & Ervin and Spainhour & Mull for defendant.*

ALLEN, J. "The contract executed by the defendant, and under which the plaintiff operated, conveys all the timber on a certain tract of land, with the right to enter upon the land and cut and remove the same, with provision that the defendant should be paid $1 per thousand before removing off said land," and the verdict, interpreted in connection with the pleadings, the evidence, and the charge, shows that the plaintiff cut two yards of lumber, aggregating about 115,000 feet, which he removed after paying the defendant therefor, and that he afterwards cut another yard, supposed to contain about 60,000 feet, but which really amounted to 64,335 feet, and that he paid the defendant $60 for this last yard, leaving due on the yard $4.33, although this was not ascertained until the verdict, and that the defendant then refused to allow the plaintiff to remove the lumber, and this action was commenced to recover it.

On these facts the defendant, by demurrer *ore tenus,* and by exceptions to the charge of the court, presents the question of the right of the plaintiff to maintain his action, insisting that as the plaintiff did not pay the full amount due for the last yard of lumber no title vested in him, on which he can recover.

In other words, the defendant invokes the doctrine of strict performance of the terms of the contract, and by its aid seeks to hold lumber which the receivers in this action have sold for $500 because the plaintiff failed to pay $4.33 of the purchase price, when neither the plaintiff nor defendant knew this amount was due.

We do not think the position is open to the defendant on the pleadings.

The plaintiff, in the third paragraph of the complaint, after stating the facts as to cutting and removing the first two yards of 115,000 feet after paying therefor, alleges that he "had cut a second yard of lumber and had the same hacked and put on sticks in accordance with said contract, the amount of lumber of said second yard being 60,978 feet, for which plaintiff was due defendant under said contract at one dollar per thousand feet the sum of $60.98, and plaintiff paid defendant $60, though defendant was due and owing plaintiff at the time over $30 for mill-culls taken and removed by defendant from the first yard of lumber of plaintiff, and for which defendant has refused to pay, though demand has been made for payment of same."

The defendant says in reply: "Answering the third section of the complaint, this defendant admits that one Hilderbran, representing himself as agent for the plaintiff, entered upon a·portion of defendant's land, and cut about 175,000 feet of lumber, and that plaintiff paid defendant at the rate of $1 per thousand feet therefor."

Note that 175,000 feet covers the yard in controversy, as there were only 115,000 feet in the first and second yards.

The defendant then alleges that under the contract with the plaintiff he was required to cut all the timber on the land amounting to 500,000 feet; that he failed to perform his agreement, and, on the contrary, only cut 175,000 feet, and this of the timber easiest of access, and he demands damages for this breach of the contract, and in the fourth paragraph of the answer he says he refused to permit the plaintiff to remove the last yard because of the above breach, and does not refer to the failure of the plaintiff to pay in full for it.

This is, as it appears to us, an admission that the plaintiff paid for all the timber he cut, and, if so, no issue of payment was raised by the pleadings, and no question as to the right to maintain the action, because of failure to pay a small amount, finally discovered to be due.

Again, if payment was not admitted the defendant refused to allow the plainitff to remove the timber upon the distinct ground that the plaintiff had breached the contract by failing to cut all the timber on the land, and he will not be permitted now to assign another and different objection, which could have been easily removed if made at the time.

"The strict performance of a contract may be waived. A person for whose benefit anything is to be done, may, if he pleases, dispense with any part of it, or circumstance in the mode of performance. Where he is present to receive performance, whatever is not exacted is considered as waived, for if objection had been made on the ground of those matters in which the proposed performance was deficient, these might have been supplied at the time, and therefore it is not proper to surprise the party who performed the act, by an objection to the mode of performance, after his vigilance has been disarmed by an apparent acquiescence, for that would be a fraud." 6 R. C. L., 990; *Decamp v. Foy,* 9 A. D., 372.

Nor should the right to maintain this action be denied because of failure to pay $4.33 on a contract for lumber worth more than $500 when the exact amount due had not been ascertained, and after acceptance by the defendant of a check for the lumber, without objection before the action was commenced, so far as the record discloses, that payment in full had not been made.

In *Westerman v. Fiber Co.,* 162 N. C., 295, the plaintiff contracted to cut 50,000 cords of wood, for which the defendant was to pay $3 per cord, and the defendant further agreed to build certain shacks for housing the plaintiff's hands, which it failed to do.

It was held that the failure to build the shacks did not justify the severance of the contract relation, and of this phase of the case the Court said: "It is not every breach of contract that will operate as a discharge and justify an entire refusal to perform further. Speaking generally to this question, in Anson on Contracts, p. 349, the author says: 'But though every breach of the contractual obligation confers a right of action upon the injured party, it is not every breach that relieves him from doing what he has undertaken to do.' The contract may be broken wholly or in part, and if in part, the breach may not be sufficiently important to operate as a discharge, or, if it be so, the injured party may choose not to regard it as a breach, but may continue to carry out the contract, reserving to himself the right to bring action for such damages as he may have sustained."

We are, therefore, of opinion the plaintiff has the right to prosecute this action, but there is error in the admission of evidence on the issue of damages which entitles the defendant to a new trial on that issue.

For the purpose of showing the value of the lumber, the following question was propounded to the plaintiff, S. R. Morrison, while testifying as witness in his own behalf:

"What was the market value of that lumber per thousand feet at the time of the institution of this action?" Defendant objected; objection overruled, and defendant excepted.

The witness answered: "It was worth $18 per thousand feet."

On cross-examination he testified: "I never saw the lumber I took claim and delivery for; I certainly am swearing to the value of it. I didn't know how much pine there was of it to my own knowledge; don't know how much oak there was of my own knowledge. The price of poplar and oak is very near the same price; don't know how much poplar there was of my own knowledge. There is a difference in the price of pine and poplar. I didn't see the lumber. I can swear to the value of it because I know how much it cost to get it put there where it was, and I know what I got for the other lumber I sold off the same tract—it certainly was worth as much as the other was. I know because I got part of it, one yard of it, and sold it. I know how much was there, but not of my own knowledge. If that had been half pine, there would have been a difference. I can't swear there was the same proportion of pine in this as the one I sold. Of my own knowledge, I don't know what the lumber was worth."

There is no other evidence of value in the record, and as the witness had never seen the lumber, knew nothing of the grade, and had no knowledge of the different kinds of lumber, of unequal value in the yard, he ought not to have been permitted to testify in the first instance, or his evidence ought to have been stricken out when his disqualification was shown.

New trial on issue of damages.