DOCK BAKER v. A. B. COREY, EXECUTOR OF FLORENCE BAKER, DECEASED.

(Filed 14 March, 1928.)

1. **Courts—Clerk of Court—Jurisdiction—Judgments by Default Final and Default and Inquiry.**

   The clerk of the Superior Court has jurisdiction to enter such judgments by default final and by default and inquiry as are authorized by statute. C. S., 595, 596, 597; 3 C. S., 593.

2. **Same.**

   A judgment by default final may be rendered by the clerk on failure of the defendant to answer where the complaint sets forth one or more causes of action, each consisting of a breach of an express or implied contract to pay a sum of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation.

3. **Same—For Services Rendered.**

   In order for the plaintiff to be entitled to a judgment by default final upon the complaint for the want of an answer in his action to recover from the estate of the deceased for services rendered before her death, in taking care of and providing a support for her, at her request and promise to pay for them, there must have been a definite price fixed upon and understood and agreed to by both of the parties; and where the complaint alleges merely an estimate by the parties of a reasonable price to be paid for such services it supports a judgment by default and inquiry only.

.4. **Judgments — Setting Aside for Irregularity — Grounds Therefor — Meritorious Defense.**

A judgment by default final entered upon the pleadings for the want of an answer, when it is made to appear on appeal that one by default and inquiry should have been entered, is. an irregular judgment, but on defendant's motion to set it aside, he must show a meritorious defense.

5. **Appeal and Error—Remand for Correct Findings in Action to Set Aside Judgment for Irregularity.**

Where the clerk of the court has entered an irregular judgment of default final for the want of an answer to the complaint, and the trial judge has set it aside on that ground alone; and on appeal to the Supreme Court it does not appear that the question of a meritorious defense was considered or passed upon, and that the movant intended to allege one, the case will be remanded for the determination of this question as to whether the defendant has such meritorious defense as calls for the vacating of the judgment of the clerk of the court.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at October Term, 1927, of PITT. Remanded.

The plaintiff's suit to recover for services rendered in supporting and caring for the defendant's testatrix is based upon the following allega-tions:

"2. That on or about 1 January, 1919, Florence Baker, now deceased, came to the home of this plaintiff and stated to him that she was getting very old and feeble; that she had no home to go to and nowhere to live; that she did have some personal property in the way of money and notes, and that if the plaintiff would give her a home and take care of her in her old age and infirmity that she would pay him as she collected her money or that she would leave same when she died so that he could get whatever amount he was entitled to for taking care of her.

"3. That in consequence of the above statement this plaintiff told the said·Florence Baker, now deceased, that she might make her home with him; that he would furnish her board, room and do all that he could to take care of her, and that he thought $75 a year would be sufficient to pay said bill, which she agreed to pay."

The plaintiff further alleged that the services continued through a period of five years and that he was entitled therefor to the sum of $525. No answer was filed, and the clerk gave judgment by default final. On appeal the trial judge held that the judgment should have been by default and inquiry, and that the judgment by default final was irregular. Upon this ground it was set aside, and the plaintiff excepted and appealed.

*S. O. Worthington and Julius Brown for plaintiff.*
*F. C. Harding for defendant.*

ADAMS, J.  A clerk of the Superior Court has jurisdiction to enter such judgments by default final and by default and inquiry as are authorized by sections 595, 596, 597 of the Consolidated Statutes.  Laws 1919, ch. 156; Ex. Sess., 1921, ch. 92, sec. 12; 3 C. S., 593.  In section 595 it is provided that judgment by default final may be had on failure of the defendant to answer where the complaint sets forth one or more causes of action, each consisting of the breach of an express or implied contract to pay a sum of money fixed by the terms of the contract or capable of being ascertained therefrom by computation.  In an action based on contract the complaint must set forth not only the agreement of the parties, but the alleged breach, so that the court may determine whether the action as stated can be maintained.  *Beard v. Sovereign Lodge,* 184 N. C., 154; *Thompson v. Dillingham,* 183 N. C., 566.  Where in the absence of a written contract or evidence of indebtedness service is rendered at a fixed price and the price is known to the defendant at the time the service is performed, there is an implied promise to pay the ascertained price for which, upon proper allegations in a verified complaint and want of an answer, judgment by default final may be awarded. *Hyatt v. Clark,* 169 N. C., 178; *Bostwick v. R. R.,* 179 N. C., 485.  But where the price is not ascertained and understood by the parties, and only the reasonable worth of the service is alleged, the plaintiff is entitled to nothing more than judgment by default and inquiry.  *Witt v. Long,* 93 N. C., 389.

While the alleged contract is not clearly expressed, its most reasonable interpretation leads to the conclusion that the parties came to no definite agreement relative to the price at which the plaintiff's service was to be performed.  The deceased agreed to pay him as she collected her money, or at her death to leave him money and notes out of which he could get "whatever amount he was entitled to for taking care of her." He "thought $75 a year would be sufficient to pay the bill"; but this allegation is a mere estimate resting in doubt.  The testatrix contracted to pay his bill, or the reasonable worth of his services, but there was manifestly no "meeting of the minds" upon a definite price.  The facts alleged are analogous to those in *Witt v. Long, supra.*  There the plaintiffs alleged that they had sold and delivered goods to the defendants which were reasonably worth the price alleged, and that the defendants had agreed to pay for them.  It was held that the allegation did not imply that the defendants had stipulated to pay the price charged for the goods, but that the goods were reasonably worth the stated price, and that the defendants by receiving them had by implication agreed to pay the sum demanded.  We concur in his Honor's opinion that the judgment was irregular.

But irregularity alone is not sufficient. In *Duffer v. Brunson,* 188 N. C., 789, it is said: "It is essential for the moving party to show not only that he has acted with reasonable promptness, but that he has a meritorious defense against the judgment. As suggested in *Harris v. Bennett,* 160 N. C., 339, 347, 'Unless the Court can now see reasonably that defendants had a good defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?' *Hill v. Hotel Co., ante,* 586; *Gough v. Bell,* 180 N. C., 268; *Rawls v. Henries,* 172 N. C., 216; *Glisson v. Glisson,* 153 N. C., 185."

Neither in the judgment nor in the statement of the case on appeal is there any reference to the question of a meritorious defense; but defendant's amended motion may be construed as intended to allege a defense which, if true, would defeat or reduce the plaintiff's claim. The cause is therefore remanded for determination of the question whether the defendant has such a defense as calls for an order vacating the judgment and granting a trial upon the merits of the controversy.

Remanded.