G. D. B. REYNOLDS v. G. C. MORTON.

(Filed 13 December, 1933.)

1. **Reference A a—Mere denial of the duration and terms of an alleged trust is not plea in bar of reference of suit by the court.**

    A suit to declare a trust in lands and for an accounting upon allegations of an agreement between the parties that defendant should purchase the property owned by plaintiff upon the foreclosure of the second deed of trust thereon and use the rents and profits therefrom after paying the expenses of operation to pay and discharge the note secured by a first deed of trust on which defendant was an endorser, and then reconvey the lands to plaintiff or some person designated by him is held subject to reference by the court on its own motion, C. S., 573 (5), and defendant's answer denying the trust and other material allegations of the complaint is not such a plea in bar as to entitle defendant to a determination of the plea before reference, defendant not having denied the acquisition of the legal title by him.

2. **Trusts A a—**

    Jurisdiction to enforce a trust arises where property is accepted on terms of using or holding it for the benefit of another, and it is not necessary that the terms of the trust be made in writing at the time legal title is conveyed.

3. **Reference A a—**

    A plea in bar of a reference is not conclusive unless it extends to the whole cause of action so as to defeat it absolutely and entirely.

APPEAL by defendant from *Harding, J.,* at May Term, 1933, of STANLY. Affirmed.

Civil action to establish a trust in real property and to compel an accounting.

It is alleged that the plaintiff owned 2,000 acres of land on which there was a peach orchard stocked with about 21,000 trees; that the property was subject to two deeds of trust, the first securing a debt

in excess of $17,500 to the Greensboro Joint Stock Land Bank and the second an indebtedness held by S. Carter Williams, trustee; that the plaintiff and the defendant entered into an agreement by which the land should be sold by Williams, trustee, subject to the first deed of trust, and should be purchased by the defendant upon the following trusts: he was to take charge of the orchard, market the crops, pay the expenses (including his salary), the taxes, the installments due on the first deed of trust, an indebtedness on which the defendant and others were obligated as endorsers for the plaintiff, and pay the net proceeds to the plaintiff; also that the defendant, after the liquidation of the indebtedness, should reconvey the land to the plaintiff or to such person as the plaintiff should designate. It is further alleged that the defendant received the proceeds of the crops for 1929, 1930, 1931; that the proceeds in 1929 and 1930 were sufficient to pay the expense of operation, the installments due under the first deed of trust, and considerably to reduce the amount of the endorsers' obligation; and that the defendant has made conveyance of the land in breach of his trust and has never accounted for the funds coming into his hands pursuant to his trust.

The defendant filed an answer denying the trust and other material allegations in the complaint and put in issue the question of his liability to the plaintiff.

After inspection of the pleadings, records, and affidavits the court ordered that the cause be referred to a referee to take evidence, find facts, state his conclusions of law, and make report to the court. The defendant excepted and appealed.

*Vann & Milliken, Hartsell & Hartsell, F. D. Phillips, Morton & Smith, and Brown & Brown for appellant.*
*Varser, Lawrence, McIntyre & Henry, and R. L. Smith for appellee.*

ADAMS, J. Upon the application of either party or of its own motion, the court may direct a reference . . . "where the issues of fact and questions of fact arise in an action of which the courts of equity of the State had exclusive jurisdiction prior to the adoption of the Constitution of one thousand eight hundred and sixty-eight, and in which the matter or amount in dispute is not less than the sum or value of five hundred dollars." C. S., 573 (5). In this case the court, of its own motion, ordered a reference under this section and appointed a referee. The defendant excepted on the ground that he had filed a plea in bar, which should be heard and determined before the cause was referred. Of course, according to the general rule, a plea in bar must first be determined (*Duckworth v. Duckworth,* 144 N. C., 620); but the preliminary

MORTGAGE CORPORATION *v.* WILSON.

question is whether the defendant's mere denial of the plaintiff's cause of action is such a plea as will bar the reference, conceding without deciding that a plea in bar is applicable to actions formerly cognizable only in courts of equity.

The record contains excerpts from the defendant's affidavit and examination from which it may reasonably be inferred that the defendant took title to the land in the capacity of a trustee for the year 1929. If he did so, the trust relation existed and his limitation of the terms would not preclude the plaintiff from establishing his contention of the agreement. The jurisdiction to enforce the performance of trusts arises where property has been accepted by one person on terms of using or holding it for the benefit of another, and in this State it is not requisite that a declaration of trust be made in writing at the time the legal title is conveyed. *Shelton v. Shelton,* 58 N. C., 292; *Riggs v. Swann,* 59 N. C., 118; *Lefkowitz v. Silver,* 182 N. C., 339.

A plea in bar of a reference is not conclusive unless it extends to the whole cause of action so as to defeat "it absolutely and entirely." *Alley v. Rogers,* 170 N. C., 538; *Bank v. Evans,* 191 N. C., 535; *Bank v. McCormick,* 192 N. C., 42. If the defendant accepted the title to the property in trust, simple denial of the alleged cause of action would not necessarily operate as a plea in bar, the controversy between the parties as to the duration and terms of the trust not being effective to defeat the plaintiff's cause of action.

Judgment affirmed.