THE STATE OF NORTH CAROLINA, ON RELATION OF HAYWOOD COUNTY, v. J. C. WELCH AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(Filed 26 February, 1936.)

1. **Reference A b—A plea in bar requiring determination before reference must extend to the whole cause of action.**

   In this action on the bond of a public official involving a long account, defendant surety pleaded a settlement made by the public official with the county commissioners.   Plaintiff county replied and alleged that any purported settlement was incomplete and was based upon fraudulent statements.   *Held:* Plaintiff sought to surcharge and falsify the account and settlement, and the plea of the settlement is not such a plea in bar as to require determination before the court could order a compulsory reference, a mere denial of plaintiff's cause of action being insufficient to defeat a reference.

2. **Reference A a—**

   Statutes relating to trials by referees should be liberally construed.

APPEAL by defendants from an order appointing referee to hear and determine the matters in controversy, entered by *Oglesby, J.,* at January Term, 1936, of HAYWOOD.

The county of Haywood instituted action against defendant J. C. Welch,· former tax collection officer for the county, and the Fidelity and Deposit Company of Maryland, surety on his bond, to recover for alleged defalcations in 1930 and 1931, in the sum of $42,678.25, together with $2,500 penalty.

In its complaint plaintiff alleged that said Welch, in breach of his bond, had failed and neglected to collect taxes appearing on tax books; that he had collected large sums of money which he had failed and refused to account for and pay over, and which he had misappropriated, and that he had fraudulently represented he had sold certain properties for taxes and wrongfully claimed and received credit therefor in his settlement with the county. And the plaintiff set out as an exhibit to the complaint detailed statement of tax shortages, unsettled taxes, and false land-sale certificates, containing more than five hundred separate items. Defendants answering denied the alleged shortages, and further alleged that defendant Welch had made a full and complete settlement with the board of county commissioners for the taxes of 1930 and 1931, and that his settlement had been accepted and approved by said board.

Plaintiff replied that if any settlements were made they were incomplete and based on fraudulent statements and accounts of defendant Welch.

Upon motion of plaintiff, the court ordered a reference, finding that the action involved the taking of a long account.

Defendants excepted to the order of reference, and appealed to this Court.

*J. G. Merrimon and A. S. Barnard for plaintiff.*
*Morgan, Stamey & Ward for defendant Welch.*
*Shepherd & Shepherd for Fidelity and Deposit Company.*

PER CURIAM. Defendants contend that their answers set up a plea in bar which should have been disposed of before a compulsory reference was ordered. But upon consideration of the pleadings, we are of opinion that the order of reference was properly entered, and that defendants' answer does not preclude the court from making such order at this time. Manifestly, the case, which involves more than five hundred items, must be tried by referee, unless the facts pleaded in the answer be such as to defeat plaintiff's action absolutely and entirely in the outset before the necessity for an accounting be reached.

To constitute a plea in bar, there must be something more than a denial of plaintiff's cause of action. It must extend to the whole cause of action so as to defeat it absolutely and entirely. *Reynolds v. Morton,* 205 N. C., 491. In *Bank v. Evans,* 191 N. C., 535, *Brogden, J.,* defines

what is meant by a plea in bar, and states the rule for the application of the principle invoked to procedure in cases requiring trial by referee.

Here defendants allege settlement with county commissioners, but, as pointed out in *Commissioners v. White,* 123 N. C., 534, this will not prevent a compulsory reference when the complaint recognizes attempted settlements and alleges errors and fraud, and seeks to surcharge and falsify the account and settlement. *Jones v. Sugg,* 136 N. C., 143.

The statutes relating to trials by referees serve a useful purpose and should be liberally construed. *Jones v. Beaman,* 117 N. C., 259.

Judgment affirmed.