F. L. PREISTER v. STANLY BANK AND TRUST COMPANY, A. P. HARRIS, TRUSTEE BY ORDER OF THE COURT, AND A. P. HARRIS, TRUSTEE BY DEED.

(Filed 16 December, 1936.)

1. Reference § 3—

A compulsory reference may not be ordered prior to the determination of defendant's plea in bar when such plea, if determined in defendant's favor, entirely destroys plaintiff's right of action, and renders an accounting useless.

**2. Same—Order of compulsory reference prior to determination of defendant's plea in bar held error in this case.**

> Plaintiff alleged that he purchased, at the sale of a bankrupt's estate, certain stocks and bonds which had been given as collateral security for a note by the bankrupt, that subsequent credits had paid the note in full, and that defendant bank had sold certain of the security without notice and purchased same at its own sale, and refused to surrender the securities to plaintiff. Defendant bank filed answer alleging that plaintiff was not the owner of the securities, but that defendant bank purchased the securities at the sale conducted by the payee of the note upon default after due advertisement. *Held:* The answer raised issues which are determinative of the entire controversy, and an order for compulsory reference prior to the determination of the question of title to the securities is erroneous.

APPEAL by defendants from *Hill, Special Judge,* at September Term, 1936, of STANLY. Reversed.

A compulsory reference was ordered over the objection of defendants.

Defendants excepted to the order on the ground that pleas in bar had been set up, and that a reference was improper until the pleas had been determined.

From an adverse ruling, defendants appealed.

*Vann & Milliken and W. E. Smith for plaintiff, appellee.*
*Brown & Brown and Stahle Linn for defendants, appellants.*

DEVIN, J. It is an elementary rule of procedure, upheld by many decisions of this Court, that when the answer sets up a plea in complete bar of plaintiff's action, a compulsory reference should not be ordered until the plea, which may defeat the action entirely and render an accounting useless, has been determined. McIntosh Prac. & Proc., sec. 523; *Smith v. Goldsboro,* 121 N. C., 350; *R. R. v. Morrison,* 82 N. C., 141.

What constitutes a plea in bar has been considered and accurately defined by this Court in *Bank v. Evans,* 191 N. C., 538, as follows: "In a legal sense it is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action, a special plea constituting a sufficient answer to an action at law, and so called because it barred—*i.e.,* prevented—the plaintiff from further prosecuting it with effect, and, if established by proof, defeated and destroyed the action altogether." *Haywood Co. v. Welch,* 209 N. C., 583; *Jones v. Beaman,* 117 N. C., 259.

It then becomes necessary to examine the pleadings in the instant case in order to determine whether a plea in bar, as defined, has been raised.

The complaint alleges in substance that the Albemarle Grocery Com-

pany, a corporation, being indebted to the defendant Stanly Bank and Trust Company, executed its note to said bank and, as collateral security therefor, delivered certain securities, notes, and stocks belonging to said grocery company; that the said grocery company became entitled to credits from various sources and payments sufficient to pay said note in full; that thereafter said grocery company was adjudicated a bankrupt, and the plaintiff, with the approval of the bankrupt court, purchased from the trustee in bankruptcy all the choses in action of the bankrupt grocery company, and is now the owner thereof; that the defendant bank, without proper notice, sold the collateral securities of the grocery company which had been pledged to it, and purchased same at its own sale for the sum of five hundred dollars, which was credited on the note; that the said defendant bank thereafter disposed of some of said securities for about five thousand and five hundred dollars, and now wrongfully holds the remainder of said securities.

The plaintiff's prayer is that he recover of defendants $5,500, less $500, and that the remainder of said securities be delivered up.

The answer of defendants denies that plaintiff is the owner of the described securities, and alleges that the defendants are the rightful owners thereof; that the note of the grocery company was not paid; that the Page Trust Company was the lawful owner of said securities, and that it lawfully and properly advertised and sold same on 24 February, 1933, and defendants purchased same for the fair and reasonable value of same at that time. It is further alleged in the answer that the plaintiff purchased from the trustee in bankruptcy for $200.00 only the choses in action which had arisen out of the open accounts of the bankrupt, and that plaintiff's purchase did not include the securities described in the complaint, and that he never acquired title thereto.

It is obvious from an examination of the pleadings that issues are therein raised which are determinative of the entire controversy, and that the litigated question of title to the described choses in action must first be decided before a compulsory reference may properly be ordered to state an account between the parties. *Austin v. Stewart,* 126 N. C., 526; *Commissioners v. White,* 123 N. C., 534.

It must be held for error to order a reference, over objection of defendants, before the pleas in bar set up in the answer have been properly determined.

Reversed.