JOSEPH B. CHESHIRE, JR., TRUSTEE UNDER THE WILL OF LAURA F. COSBY, v. FIRST PRESBYTERIAN CHURCH OF RALEIGH; PRESBYTERIAN ORPHANS' HOME AND EDWIN F. HARTSHORN, ADMINISTRATOR OF B. H. COSBY.

(Filed 29 April, 1942.)

1. **Reference § 3—Allegations setting up defense that plaintiff is without legal capacity to maintain action is plea in bar.**

Plaintiff instituted this action to obtain approval of the court of his final account as trustee. The administrator of a deceased beneficiary filed answer alleging that plaintiff was a successor trustee appointed by the clerk, and that the appointment was void for want of power in the clerk to make the appointment. *Held:* The answer set up a plea in bar of plaintiff's right to proceed with his action, and therefore it was error for the court to order a compulsory reference prior to the determination of the plea in bar.

2. **Trusts § 12—Party having interest in proper accounting of trust estate may insist that estate be settled by duly appointed trustee.**

Plaintiff instituted this action to obtain approval of the court of his final account as trustee. The administrator of a deceased beneficiary, who was entitled under the trust to the income from the estate for life, filed answer alleging that his intestate had not been paid all that was due him from the estate, and further, that plaintiff is without legal capacity to maintain the action. *Held:* Although the administrator had no interest in the *corpus* of the estate or in the final closing of the estate, he had standing in court to determine whether any part of the income due his intestate had not been paid, and therefore he could set up the plea in bar.

3. **Trusts § 2—**

Where the trustee appointed by will to administer an active trust dies, the clerk of the Superior Court is without authority to appoint a successor, since the clerk has no authority to administer an equity unless empowered to do so by statute, and C. S., 4023, authorizes the clerk to appoint a successor trustee only when the former trustee resigns, and C. S., 2583, is not applicable to an active trust.

4. **Same—In proper instances court may validate appointment of trustee by clerk.**

Upon the death of the trustee of an active trust created by will, the clerk of the Superior Court, in a special proceeding in which all beneficiaries of the trust were made parties, appointed a successor trustee at the instance of the ultimate beneficiaries. The successor trustee handled the trust for a number of years, making annual reports, and thereafter instituted this action seeking approval of his final account and his discharge. The administrator of a deceased beneficiary filed answer setting up that the clerk had no authority to appoint plaintiff trustee, and that plaintiff was without legal capacity to sue. *Held:* All parties in interest being before the court, the court need not dismiss the action, but may, in the exercise of its equitable jurisdiction, validate plaintiff's appointment *nunc pro tunc,* and order a compulsory reference of plaintiff's account.

APPEAL by defendant Hartshorn, Administrator, from *Carr, J.,* at January Term, 1942, of WAKE.   Error and remanded.

*Paul F. Smith for plaintiff, appellee.*
*James I. Mason for defendant, appellant.*

DEVIN, J.   This case was here at Fall Term, 1941, and is reported in 220 N. C., 393.   On that appeal it was held that the demurrer, interposed by the defendant Hartshorn on the ground of the incapacity of plaintiff to sue and the absence of proper parties plaintiff, could not be sustained for the reason that the defects alleged did not appear on the face of the complaint.   This defendant has now answered setting out the facts upon which these pleas are based, and the plaintiff has replied. The following pertinent facts appear from these pleadings.

Laura F. Cosby died in 1919, leaving a last will and testament wherein her executor was directed, after the payment of all debts, to convert the property remaining into money and hold and invest the same in interest bearing securities and pay the income to her brother, B. H. Cosby, during his natural life.   After the death of B. H. Cosby the *corpus* of the fund was directed to be paid over to the Barium Springs Orphanage and the First Presbyterian Church of Raleigh for certain charitable purposes. W. N. Jones was named executor.   In accord with the provisions of the will, W. N. Jones as executor collected the assets, paid the debts of the estate, invested the remainder, and in 1920 filed what he denominated a final account, wherein it was stated that the cash and securities, amounting to about eight thousand dollars, were "turned over to W. N. Jones, Trustee, under the will of Laura F. Cosby."   W. N. Jones filed a number of accounts showing the investment and handling of the fund.

In 1928 W. N. Jones died and his executrix instituted a special proceeding before the clerk relative to this trust estate, to which proceeding the record shows B. H. Cosby was made party.   In this proceeding the clerk made an order that William Bailey Jones be appointed trustee under the will of Laura F. Cosby to succeed W. N. Jones.   William Bailey Jones filed two accounts of receipts, disbursements and investments of the fund, which were examined and approved by the clerk.   In 1932 William Bailey Jones died, and thereafter another special proceeding was instituted to which B. H. Cosby was made party.   In this proceeding the clerk, in 1933, made an order appointing the plaintiff Joseph B. Cheshire, Jr., trustee under the will of Laura F. Cosby, to succeed William Bailey Jones.   It was alleged that plaintiff's appointment was made at the request of the ultimate beneficiaries, and that pursuant to this appointment the plaintiff undertook the handling, investment and reinvestment of the fund, paying the income derived therefrom to B. H. Cosby until

his death. The plaintiff made seven annual returns which were approved without objection.

On 14 November, 1940, B. H. Cosby died and the defendant Hartshorn qualified as administrator of his estate. Questions having arisen between the defendant administrator and the plaintiff relative to the plaintiff's dealings with this fund and the amount of income properly receivable by defendant's intestate, this action was instituted by the plaintiff for the purpose of obtaining the instructions of the court as to the settlement of the trust estate. The ultimate beneficiaries were made parties and answered admitting the allegations of the petition.

The defendant administrator in his answer alleged that under the facts set forth the clerk of the Superior Court had no power to appoint a trustee to exercise the trust set up in the will of Laura F. Cosby, and that the purported appointment of the plaintiff was void; that while the statute conferred upon the clerk power to appoint an administrator c. t. a. this was never done, and that this action by plaintiff Cheshire, claiming to sue as trustee under the will, cannot be maintained for the reason that there is a defect of parties plaintiff, and that the plaintiff has no legal capacity to sue. This answering defendant further alleged that his intestate did not receive the amount of income from the fund to which he was entitled, and denied the correctness of the plaintiff's accounts.

Upon examination of the pleadings, without determining defendant's pleas in bar, the court below made an order of reference, to which defendant Hartshorn in apt time excepted. The defendant assigns error in the ruling of the court for that pleas in bar had been set up in his answer, and that the court declined to rule thereon before making the order of reference. As the defendant's answer set up a defense which must be considered a plea in bar of plaintiff's right to proceed with his action, the defendant was entitled to have the court rule thereon before referring the entire case to a referee. *Preister v. Trust Co.,* 211 N. C., 51, 188 S. E., 622; *Bank v. Evans,* 191 N. C., 535, 132 S. E., 563.

It is apparent that defendant as administrator of B. H. Cosby, who was only entitled to receive during his life the income from the trust fund set up in the will, has no interest in the *corpus* of the fund or in the final closing of the trust estate, except to determine whether any part of the income therefrom due his intestate was not paid, and if so to collect the same as assets of the estate of B. H. Cosby. In that respect only is he interested in the settlement of the trust. However, the defendant's claim set forth in his answer that his intestate had not been paid all that was due him gives him standing in court, and requires that the fund be properly settled by some responsible authority, and that an action for that purpose should be by one having legal capacity to sue. He thus properly presents for determination the question whether the clerk of the

Superior Court had the power to make the appointment of the plaintiff as trustee under the will of Laura F. Cosby.

The supervision of trust estates peculiarly invokes the equitable jurisdiction of the courts, and where a trust has been created and for some cause there is no person to execute the trust and carry out its purposes, it then becomes the province of a court of equity to appoint a trustee. 1 Scott on Trusts, sec. 108; 3 Bogert Trusts & Trustees, sec. 532. It is also well settled in North Carolina that the clerk of the Superior Court is not vested with power affirmatively to administer an equity, except in those cases where it is specially conferred by statute. *High v. Pearce,* 220 N. C., 266; *In re Estate of Smith,* 200 N. C., 272, 156 S. E., 494; *Clark v. Peebles,* 120 N. C., 31, 26 S. E., 924. He has no inherent power in the exercise of equitable jurisdiction to appoint a trustee. The power to appoint a trustee given the clerk by C. S., 4023, is limited to cases where the former trustee has resigned, and the provisions of C. S., 2583, may not be held applicable to an active express trust such as that created under the will of Laura F. Cosby. *In re Estate of Smith, supra.* We find no statute which would authorize the clerk to make the appointment of a trustee under the circumstances of this case. It would seem therefore that the appointment of the plaintiff to administer the trust thus created was a matter for the Superior Court in the exercise of its equitable jurisdiction, and beyond the power of the clerk.

But it does not follow that the plaintiff should be treated as an intermeddler. His appointment was made at the request of the ultimate beneficiaries in a proceeding to which defendant's intestate and all other beneficiaries under the will were made parties. Pursuant to that appointment, presumed to be in all respects valid, he has handled the trust estate for eight years, making annual returns of his dealings therewith without question.

Since the appointment of a trustee was a matter for the Superior Court in term, and since all the parties are now before the court, and the subject matter of the action involves the supervision of a trust estate, the appointment of a trustee, and the closing of the trust, we see no reason why the Superior Court of Wake County in the exercise of its equitable jurisdiction may not now, *nunc pro tunc,* validate and give power to the previous appointment of the clerk, and authorize the settlement and closing of the trust in accord with the expressed will of Laura F. Cosby. *Roseman v. Roseman,* 127 N. C., 494, 37 S. E., 518; *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30; *Perry v. Bassenger,* 219 N. C., 838, 15 S. E. (2d), 365. This would leave open only the matter of accounting between defendant's intestate and the trustee, for which a reference would seem to be proper. If this be not done, then this action would have to stand dismissed.

Defendant's motion to strike plaintiff's further reply was properly denied.　The cause is remanded to the Superior Court for proceeding not inconsistent with this opinion.

Error and remanded.