INDUSTRIAL LITHOGRAPHIC COMPANY v. HARVEY A. MILLS, PERSON-ALLY, AND HARVEY A. MILLS, TRADING AS THE PAPER PRODUCTS COMPANY.

(Filed 8 January, 1943.)

**1. Reference § 3: Pleadings § 7—**

A plea in bar is a plea so peremptory as to be sufficient to destroy the plaintiff's action and prevent its further prosecution, if established by proof.

**2. Same—**

The mere denial of the relationship of principal and agent between the plaintiff and defendant will not constitute a plea in bar of reference.

**3. Contracts § 18—**

> The strict performance of a contract may be waived, and a person for whose benefit a thing is to be done may dispense with any part of it, or circumstance in the mode of performance; and where he is present to receive performance, whatever is not exacted is considered waived.

**4. Reference § 3—**

> In a suit by a principal against his agent for damages for the breach of an exclusive contract by failure of defendant to give his undivided service to plaintiff and by defendant's handling rival products, defendant's answer alleging acquiescence and consent by plaintiff to defendant's selling products of others and waiver of the right of plaintiff to complain, constitutes a plea in bar of a compulsory reference.

DEVIN and BARNHILL, JJ., concur in result.

APPEAL by defendant from *Warlick, J.,* at March Term, 1942, of GUILFORD.

There are four separate causes of action alleged in the complaint.

The gravamen of the first alleged cause of action is that the defendant was employed by the plaintiff to sell its products, hosiery packings and hosiery transfers, in the southeastern states, and that the contract was of such a nature as to require the defendant's undivided time, service, ingenuity and loyalty; that the defendant breached this contract by selling on commission products of others in competition with the sale of the products of the plaintiff; and that the plaintiff is entitled to recover of the defendant the commissions which the defendant realized from the extraneous business engaged in by him while he was employed by and received compensation from the plaintiff for his undivided time and efforts. The action is bottomed upon the theory that the defendant occupied a fiduciary relationship with the plaintiff, and he was liable to the plaintiff for damages resulting from the disloyal conduct of the defendant in breaching his exclusive contract of principal and agent with the plaintiff.

In the second alleged cause of action the plaintiff seeks to recover the amount of the compensation it paid the defendant while the defendant was engaging in business in competition with the business of the plaintiff.

In the third alleged cause of action the plaintiff seeks to recover damages of the defendant for certain tortious acts of the defendant in connection with patterns and machines belonging to the plaintiff.

In the fourth alleged cause of action the plaintiff seeks to recover punitive damages of the defendant on account of the matters alleged in the other three causes of action.

The defendant filed answer and denied that the relationship of exclusive agency, or any other fiduciary relationship, existed between him

and the plaintiff; and further alleged that even if any such relationship was ever created between them, the plaintiff well knew of the defendant's engaging in selling certain other products than those of the plaintiff, and with such full knowledge acquiesced in and consented to such action on the part of the defendant, and thereby waived the exclusive right, if such right he ever had, to the undivided time and efforts of the defendant. The defendant pleads this waiver as a defense to the plaintiff's alleged causes of action.

The court, upon motion of the plaintiff, entered an order of compulsory reference as to the first cause of action alleged, and denied as a matter of law such an order as to the remaining causes of action alleged, stating in said order "that it appears to this Court that the issues of fact in this case involves an accounting for profits made by an agent arising out of competitive business with his principal and that the records upon which that accounting is to be made involves 3,591 exhibits, mostly invoices, taken from the records of the defendant upon an adverse examination, covered by 87 pages of record; and also involves a computation of salary to the defendant based on percentages of the volume of business done through 1937, 1938, 1939, 1940, and through February 15, 1941, consisting of thousands of items of debits and credits; and also involves a third rather long account covering rent from the summer of 1939, through February 15, 1941, at $10.00 per month for space occupied by a seal machine in the plant of the plaintiff, which machine was used by the defendant or someone for him, which account involves a number of items of debits and credits."

To the order of compulsory reference of the first alleged cause of action made by the court the defendant in apt time objected, excepted and appealed to the Supreme Court, assigning as error the entering of such order.

*Wasserman, Behr & Shagan and J. Allen Austin for plaintiff, appellee.*
*Dalton & Myers and Rupert T. Pickens for defendant, appellant.*

SCHENCK, J. We are of the opinion that the merits of this appeal turn upon the question: Does the defense set up in the defendant's answer constitute a plea in bar of reference of the plaintiff's first alleged cause of action? If this question be answered in the affirmative, the order of compulsory reference should be reversed; if answered in the negative, such order should be affirmed.

It may be conceded that the mere denial of the relationship of principal and agent between the plaintiff and defendant will not constitute a plea in bar of reference. *Reynolds v. Morton,* 205 N. C., 491, 171 S. E., 781. However, the defendant goes further than denying this relationship

and alleges that even if it be found that such relationship existed the plaintiff well knew of the defendant's selling other products than those of the plaintiff, and with such knowledge acquiesced and consented to such action on the part of the defendant. If such allegation of the defendant be proven, the acquiescence and consent of the plaintiff to such action of the defendant would constitute a waiver of the plaintiff's right to complain and completely defeat his first alleged cause of action.

" 'The strict performance of a contract may be waived. A person for whose benefit anything is to be done, may, if he pleases, dispense with any part of it, or circumstance in the mode of performance. Where he is present to receive performance, whatever is not exacted is considered as waived, for if objection had been made on the ground of those matters in which the proposed performance was deficient, these might have been supplied at the time, and therefore it is not proper to surprise the party who performed the act, by an objection to the mode of performance, after his vigilance has been disarmed by an apparent acquiescence, for that would be a fraud.' 6 R. C. L., 990; *Decamp v. Foy,* 9 A. D., 372." *Morrison v. Walker,* 179 N. C., 587, 103 S. E., 139.

"The doctrine of waiver, in proper cases, is now as firmly established as the doctrine of the rigidity and inflexibility of the written word. For instance, it is stated in *Highway Commission v. Rand,* 195 N. C., 799, 141 S. E., 892 : 'Provisions in a contract may be waived.' A waiver has been variously defined and applied. See *Makuen v. Elder,* 170 N. C., 510, 87 S. E., 334; *Allen v. Bank,* 180 N. C., 608, 105 S. E., 401. An extensive discussion of the principle is found in *Mfg. Co. v. Building Co.,* 177 N. C., 104, 97 S. E., 718. The Court assembles various definitions of the term, including the following from Herman on Estoppel: 'A waiver takes place where a man dispenses with the performance of something which he has a right to exact. A man may do that not only by saying that he dispenses with it, that he excuses the performance, or he may do it as effectually by conduct which naturally and justly leads the other party to believe that he dispenses with it.' " *Mfg. Co. v. Lefkowitz,* 204 N. C., 449, 168 S. E., 517.

"What constitutes a plea in bar has been considered and accurately defined by this Court in *Bank v. Evans,* 191 N. C., 538, as follows: 'In a legal sense it is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action, a special plea constituting a sufficient answer to an action at law, and so called because it barred—*i.e.,* prevented—the plaintiff from further prosecuting it with effect, and, if established by proof, defeated and destroyed the action altogether.' *Haywood County v. Welch,* 209 N. C., 583; *Jones v. Beaman,* 117 N. C., 259." *Preister v. Trust Co.,* 211 N. C., 51, 188 S. E., 622.

We are constrained to hold that the allegation of acquiescence and consent by the plaintiff to the action of the defendant in selling products of others than of the plaintiff is an allegation of a waiver of the plaintiff's right to complain of such action of the defendant, and that the allegation of a waiver of the right of the plaintiff to complain constitutes a plea in bar of a compulsory reference, since it raises an issue which ought to be settled before such reference is had. The issue goes to the very heart of the controversy, and if answered in favor of the defendant completely settles the whole controversy, without the expenses and time incident to a reference. We, therefore, conclude that the answer to the question posed in the outset should be in the affirmative, and that it was error to have ordered the compulsory reference prior to the determination of the plea in bar. *Cheshire v. First Presbyterian Church,* 221 N. C., 205, 19 S. E. (2d), 855; *Preister v. Trust Co., supra; Bank v. Evans,* 191 N. C., 535, 132 S. E., 563.

The order of compulsory reference entered by the court below is
Reversed.

DEVIN and BARNHILL, JJ., concur in result.