The plaintiff alleges that he was the owner of one-fourth of the capital stock of the Farmers Supply Company of Kinston, Incorporated, and one-fourth interest in the Hudson-Essex Motor Company, a partnership, and that the other three-fourths of the capital stock in said corporation and the other three-fourths interest in said partnership were owned in equal portions by the defendants J. M. Quinn, J. O. Miller and W. M. Bunn, and that he instituted this action to recover of the defendants Quinn and Miller one-fourth interest in the assets owned originally by the said supply company and said motor company prior to the filing of voluntary petitions in bankruptcy by said companies, and transferred to said Quinn and Miller under a parol agreement between plaintiff Leach and defendants Quinn and Miller, and acquiesced in by defendant Bunn.
The plaintiff alleges that the defendants Quinn and Miller entered into a parol agreement with him and defendant Bunn that the assets of the Farmers Supply Company and of the Hudson-Essex Motor Company, transferred and delivered to defendants Quinn and Miller, would be held in trust by them for the purpose of liquidating the amount borrowed by said supply company and motor company to make composition settlement in bankruptcy of the indebtedness of said companies, and that any remaining assets which were not exhausted in paying the amount *Page 28 
borrowed to make composition would be held in trust for the use and benefit of the plaintiff and of the defendants Quinn and Miller, and of defendant Bunn, in accord with their respective stocks and interests in said companies.
The plaintiff further alleges that in pursuance of such agreement he transferred his one-fourth capital stock in the Farmers Supply Company and one-fourth interest in the Hudson-Essex Motor Company to defendants Quinn and Miller, and that the assets of said companies were thereby delivered to defendants Quinn and Miller, and were by them sold, and that compositions with the creditors of the supply company and of the motor company were effected; that the plaintiff Leach and defendant Bunn transferred their respective stocks and interests in said companies, and joined in the transfer of the assets of the supply company and motor company to Quinn and Miller for the purpose of effecting such compositions all under the parol agreement that the transferees, Quinn and Miller, would hold any surplus after such compositions had been made to be distributed so that the plaintiff would receive his proportionate part thereof; and further that defendants Quinn and Miller have refused to account to the plaintiff for his proportionate part of the funds and property which came into their hands under said parol agreement and remained there after the compositions had been effected.
The defendants, except W. M. Bunn, filed answer wherein they denied the material allegations of the complaint, and pleaded in bar of the plaintiff's alleged cause of action the execution and delivery of deeds to Quinn and Miller for certain real estate by the plaintiff and by the Farmers Supply Company and the Hudson-Essex Motor Company, acquiesced in by plaintiff; and further pleaded in bar of the plaintiff's alleged cause of action the acquiescence of the plaintiff in the bankruptcy proceedings of the Farmers Supply Company and of the Hudson-Essex Motor Company; and still in bar of plaintiff's right to recover the defendants pleaded the voluntary petition in bankruptcy filed by the plaintiff, and that any cause of action existing by virtue of such parol trust as is alleged in the complaint accrued to the creditors of the plaintiff and should be administered under the jurisdiction of the bankrupt court; and also in bar of plaintiff's right to recover the defendants pleaded the three years statute of limitations; and the defendants further pleaded in bar of the plaintiff's alleged cause of action the acquiescence of the plaintiff in the transfer of the assets of the Farmers Supply Company and of the Hudson-Essex Motor Company to one C. A. Penick, without divulging any claim which the plaintiff may have had thereto by virtue of a parol contract or otherwise; and, finally, the defendants in bar of plaintiff's alleged cause of action, averred that such parol agreement as is set forth in the complaint would be in violation of the provisions of *Page 29 
the bankruptcy law of the United States, and, therefore, illegal and void, and would preclude the plaintiff's right to maintain an action based thereon.
Reply and amended complaint were filed, as well as a rejoinder which did not materially affect the original allegations of the complaint and answer, except the amended complaint alleged that the defendants Quinn and Miller induced the plaintiff to transfer to them his stock in the Farmers Supply Company and interest in the Hudson-Essex Motor Company "for the purpose of gaining possession of and title to the property of this plaintiff, W. M. Bunn, the Farmers Supply Company of Kinston, a corporation, and the Hudson-Essex Motor Company, a partnership, wrongfully."
The cause came on for hearing at the November Term, 1942, of the Superior court of Lenoir County, when and where, upon motion of the plaintiff and over objection and exception of the defendants, the court ordered a compulsory reference, without first having disposed of the several pleas in bar of the plaintiff's alleged cause of action. From this order the defendants appealed, assigning error.
Having objected and excepted to the order of compulsory reference entered below, the defendants had the option to appeal at once or to wait final judgment to do so, to present the exception to the order duly preserved. Lumber Co. v. Pemberton, 188 N.C. 532, 125 S.E. 119. They have elected to pursue the former course. Hence, we now have presented in this Court the sole question as to whether there was error in making an order of compulsory reference without first determining the pleas in bar made in the answer to the allegations contained in the complaint. We are constrained to hold that the question posed must be answered in the affirmative.
"It is well settled in this jurisdiction that a plea in bar will repel a motion for a compulsory reference, and no order of reference should be entered until the issue of fact raised by the plea is first determined, . . ." Grimes v. Beaufort County, 218 N.C. 164, 10 S.E.2d 640.
"`What constitutes a plea in bar has been considered and accurately defined by this Court in Bank v. Evans, 191 N.C. 538, as follows: "In a legal sense it is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action, a special plea constituting a sufficient answer to an action at law, and so called because it barred — i.e., prevented — the plaintiff from further prosecuting it with effect, and, if *Page 30 
established by proof, defeated and destroyed the action altogether."Haywood County v. Welch, 209 N.C. 583; Jones v. Beaman, 117 N.C. 259.'Preister v. Trust Co., 211 N.C. 51, 188 S.E. 622." Lithographic Co. v.Mills, 222 N.C. 516, 23 S.E.2d 913. The pleas in bar contained in the defendants' answer fall clearly within the definition here set forth.
We do not concur in the position urged by the appellee, that this case falls within a possible exception to the general rule that a plea in bar should be first determined before an order of compulsory reference is made because a reference may divulge facts necessary for the proper decisions of the issues raised by the plea in bar. No facts necessary for the determination of the pleas in bar could be involved in the examination of the long account for which alone the order of reference was made. C. S., 573 (1).
Reversed.