CITY OF WINSTON-SALEM v. RAYMOND S. SUTCLIFFE, JR., AND WIFE, KATIE SUTCLIFFE; FRANK M. BELL, JR., SUBSTITUTE TRUSTEE, AND FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION

No. 7421SC35

(Filed 20 February 1974)

Eminent Domain § 6— before and after value — erroneous assumption by witness

   In an action by a city to condemn a 20-foot wide permanent easement and a 20-foot wide construction easement across defendants' land for installation of a sewer pipeline, the trial court erred in refusing to strike the testimony of defendants' expert as to the difference in value of defendants' property before and after the taking where his testimony was based on the erroneous assumption that the city was taking a 60-foot wide permanent easement.

APPEAL by plaintiff from *Wood, Judge,* 28 May 1973 Civil Session, FORSYTH Superior Court.

This is a civil action instituted by the City of Winston-Salem for the condemnation of land belonging to Mr. and Mrs. Sutcliffe and subject to an outstanding deed of trust held by First Federal Savings and Loan Association (Frank M. Bell, Jr., Substitute Trustee). The land is located at the junction of the rights of way of I-40 and Old Vineyard Road. The City of Winston-Salem proposed to take a 20-foot wide permanent easement and an additional 20-foot wide construction easement from the northwest corner of the property bordering the I-40 right of way to install a sewer pipeline. From a judgment awarding the defendants $4,723.00 in compensation, the plaintiff appealed.

*Womble, Carlyle, Sandridge & Rice by Donald A. Donadio for plaintiff appellant.*

*White and Crumpler by James G. White for defendant appellees.*

CAMPBELL, Judge.

The plaintiff assigns as error the failure of the trial court to grant the plaintiff's motion to strike the testimony of the defendants' expert, Mr. L. C. McClenny. Mr. McClenny based his testimony as to the value of the property before and after the taking apparently on the erroneous assumptions that the City was taking a 60-foot easement, and that the interest taken was

City of Winston-Salem v. Sutcliffe

one 60-foot wide permanent easement rather than a 20-foot wide permanent easement plus a 20-foot wide construction easement. Mr. McClenny testified that the difference in the value of the property before and after the taking was $4,723.00. The jury found that the difference in value was $4,720.00. The plaintiff's expert testified that the difference in value was $625.00. The plaintiff was clearly prejudiced by the testimony of Mr. Mc-Clenny, and the testimony should have been stricken. *Highway Commission v. Matthis,* 2 N.C. App. 233, 163 S.E. 2d 35 (1968); *Elsevier v. Machine Shop,* 9. N.C. App. 539, 176 S.E. 2d 875 (1970); *Morrison v. Walker,* 179 N.C. 587, 103 S.E. 139 (1920); and *Robbins v. Trading Post, Inc.,* 251 N.C. 663, 111 S.E. 2d 884 (1960). Furthermore, the trial judge did nothing to correct the erroneous assumption in his instructions to the jury. We therefore grant a new trial.

We do not deem it necessary to consider the plaintiff's other assignments of error as they may not occur on retrial.

New trial.

Judges HEDRICK and BALEY concur.